of the voyage." Without deeming it necessary to discuss all the different cases presented upon the former appeal and on this, we may adopt the view that "damage done to a vessel by perils of the sea includes every species of damage done to the vessel at sea by the violent and immediate action of the winds or waves or both, as distinct from the ordinary wear and tear of the voyage, and as distinct from injuries suffered by the vessel in consequence of her not being seaworthy at the outset of her voyage, or afterwards, under circumstances in which the master was guilty of negligence in not making her seaworthy." Bullard v. Insurance Co., 1 Curt. 149, Fed. Cas. No. 2,122. In the case of The Sylvia, 15 C. C. A. 362, 68 Fed. 230, the loss was occasioned by water entering a water-tight compartment between decks through a deadlight. In that case and in this the deadlights were of the same construction, and the compartment was similarly located between decks; and it was therein said that the loss thus occasioned was one of the perils of the sea insured against, and covered by the policy. It will thus be seen that every question raised upon this hearing was argued and decided adversely to the defendant on the former appeal, and that there is no such change in the record as to justify a dismissal of the complaint, because, until the former decision was reversed or modified, it was controlling upon the trial judge, as upon this appeal it is controlling upon us.

The exceptions should be sustained and a new trial ordered, with costs to the plaintiffs to abide the event. All concur except WILLIAMS, J., dissenting.

---

### BROOKLINE NAT. BANK v. MOERS et al.

(Supreme Court, Appellate Division, First Department. June 11. 1897.)

1. STATUTE OF FRAUDS—CONTRACT TO ANSWER FOR DEFAULT OF ANOTHER.

A contract whereby defendants sell plaintiff the check of a third person for a sum paid defendants by plaintiff, and defendants promise that the check will be paid, and, if not, that they will pay it, does not involve an agreement to answer for the debt or default of another.

2. SAME—DEMURRER TO DEFENSE.

The question whether the contract sued on is one required to be in writing may be raised by demurrer to a defense setting up the statute of frauds.

Appeal from special term, New York county.

Action by the Brookline National Bank against Charles Z. Moers and others. From a judgment sustaining a demurrer to a separate defense in the answer, alleging that the contract set up in the complaint was not in writing, and therefore void under the statute of frauds, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. Seymour Eisman, for appellants.
William A. Abbott, for respondent.

INGRAHAM, J.    The complaint alleges an agreement between the defendants and the plaintiff, whereby the defendants promised that they would warrant a certain check signed by one Franks to be good, and would warrant and guaranty its payment on presentation to the said bank upon which it was drawn, if the plaintiff would pay to the said defendants the sum of $600, which sum was duly paid, and that the said check signed by the said Frank was dishonored, and payment refused.    This is the agreement alleged in the complaint upon which the plaintiff bases his action.    The defendants, in their answer, deny the allegations of the complaint, allege a separate and different agreement between the parties than that alleged in the complaint, and then, "further answering said complaint, and as a further and separate defense thereto, these defendants allege" that the agreement or contract of guaranty mentioned and referred to in the third paragraph of the complaint herein is an agreement, contract, or promise to answer for the debt or default of another person, and that no memorandum of said agreement or contract was ever made in writing, and that said agreement is, therefore, void under the statute of frauds.    To this separate defense the plaintiff demurred, and the court below sustained the demurrer.    The defense is not that the contract which the defendants allege was made was not in writing, and was, therefore, void, but that the contract which the plaintiff, in his complaint, alleges was made, was not in writing, and therefore void.    In this separate defense there is no denial of the contract as alleged in the complaint.    It is true that other portions of the answer deny that contract, but this separate defense is a defense that the contract as alleged by the plaintiff is a void contract, as not being in writing.    It is pleaded as a separate defense, and as such separate defense it is pleaded as applying to the contract alleged in the complaint.    The plaintiff can only recover on proof that the contract on which he bases his cause of action was made, and, upon any amendment of the complaint being allowed, the defendants would have a right to answer such an amended complaint.

The rule is well settled that: "Each defense separately stated as a separate defense must be in itself complete, and must contain all that is necessary to answer the whole cause of action, or to answer that part thereof which it purports to answer.    The former rule in this respect is not relaxed by the Code."    1 Enc. Pl. & Prac. p. 852, and cases there cited.    We have, therefore, to determine whether or not such a contract as is alleged in the complaint is within the statute of frauds.    We think it clear that it is not.    The defense itself alleges that the contract set forth in the complaint is one to answer for the debt or default of another person, but this is clearly unsound. The contract as alleged is that the defendants, being the owners of a check of one Franks, sold it to the plaintiff for a sum of money paid by the plaintiff to the defendants, and as a part of that agreement of sale the defendants promised the plaintiff that the check would be paid, and, if not paid, that they would pay it.    That is the substance of the agreement as alleged, and it is to enforce that agreement that the action is brought.    It is quite clear that this is an entirely independent contract for a new and independent consideration,

made between the plaintiff and the defendants, whereby the defendants became obligated to pay a sum of money upon the failure of the bank upon which the check was drawn to pay it on demand. That such an agreement is not a contract or promise to answer for the debt or default of another person is conclusively established by the cases of Bruce v. Burr, 67 N. Y. 240, Cardell v. McNiel, 21 N. Y. 336, and Milks v. Rich, 80 N. Y. 269. The contract alleged in the complaint is, in substance, an agreement whereby the plaintiff gave to the defendants a sum of money for which the defendants gave to the plaintiff Franks' check, and as a part of that transaction agreed that Franks' check would be paid, or, if not paid, that they, the defendants, would pay it. That is quite different from the construction of the contract as claimed by counsel for the defendants, by which, as he construes the agreement, defendants said to Pratt, "Let us have $600, and Franks will make his check to you for the amount." There is no such allegation in the complaint. On the contrary, it assumes the existence of Franks' check, and that the plaintiff gave to the defendants a sum of money named, and at that time received from the defendants Franks' check, the defendants making at the same time the agreement upon which the action is brought. Counsel for the appellants also appears to take the position that a defense of the statute of frauds is not demurrable. The fact alleged in the defense which sets up the statute of frauds is that the contract was not in writing. By a demurrer to such a defense that fact is admitted, and it then becomes a question of law as to whether or not the contract sued on is one that the statute requires to be in writing, and no reason is suggested why the court cannot pass upon that question upon a demurrer as well as upon the trial. I am therefore of the opinion that the contract or promise upon which the cause of action is based is not a promise to answer for the debt, default, or miscarriage of another, is not by the statute required to be in writing, and that the demurrer was properly sustained.

The judgment is affirmed, with costs, the defendants to have the right to amend the answer within 20 days on payment of the costs in the court below and in this court. All concur.