SBARBORO v. HEALTH DEPARTMENT OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   February 25, 1898.)

1. PLEADING—DEFENSE—SUFFICIENCY.
   A defense which is separately pleaded as a distinct defense must be in itself complete, and must contain, either in terms or by appropriate reference and incorporation of other portions of the pleading, all that is necessary to answer the whole cause of action, or that part thereof which it purports to answer.

2. INJUNCTION—PLEADING—INSUFFICIENT DEFENSE.
   In an action brought against the members of the board of health for revocation of orders condemning property, and compelling the occupants to vacate it, and for an injunction and rental damages, a separate and partial defense, which merely alleges that "as to all the facts alleged * * * the same were done in good faith, with ordinary discretion, and with evidence before the defendants to justify their action," is demurrable for failure to state the facts from which the court might judge of the sufficiency of the conclusions thus stated.

3. SAME.
   Section 599 of the consolidation act (Laws 1882, c. 410), exempting from suit or liability the members of the board of health for any act done in good faith, with ordinary discretion, on behalf of the board, does not purport to enact any new rule of pleading, or prescribe a statutory form of averment. and the ordinary rule of pleading the defense controls.

Appeal from special term.

Action by Augustus Sbarboro against the health department of the city of New York, Charles G. Wilson, George B. Fowler, and others. From an order overruling a demurrer to the answer, plaintiff appeals. Reversed.

This is an action to compel the defendants to revoke certain ex parte orders made by them as members of the board of health, which perpetually enjoin the plaintiff from using the rear buildings Nos. 59 and 61 James street as a human habitation without a written permit from the board of health, and which condemn the buildings, and require the plaintiff to remove them. The plaintiff also asks an injunction, together with rental damages sustained by him during the time he is prevented from using the buildings.   He avers that he is the tenant of these rear buildings, which are tenement houses; that he has sublet the apartments; and that he and his tenants have been forcibly expelled from and kept out of the premises (pursuant to the defendants' orders), to his great and continuous damage.   He also avers that the buildings are, and always have been, entirely fit for human habitation; have always been sanitary and wholesome; and that their occupants have always enjoyed good health.   The defendants, in substance, admit the acts charged, and seek to justify them upon the allegation that the buildings are not fit for human habitation, but, on the contrary, are a nuisance; and that their destruction is essential for the protection of the public health.   The defendants then allege, as a separate and partial defense to so much of the action as seeks pecuniary compensation, that their acts were done in good faith, with ordinary discretion.   The entire paragraph in question reads as follows: "(2) As a partial defense to so much of the said complaint and of this action as seeks a judgment for damages against them, the defendants Wilson, Fowler, Doty, and Roosevelt allege that as to all the facts alleged in the said

complaint to have been committed by them, and as to all the acts admitted in this answer to have been done by them, that the same were done in good faith, with ordinary discretion, and with evidence before them ·sufficient to justify their action, and in the due, ordinary, and necessary performance of their duty as public officers, under and pursuant to the laws in force in the city of New York for the care and preservation of the public health, and not otherwise." To this defense the plaintiff demurred, upon the ground that it is insufficient in law. The special term overruled the demurrer, and held the plea to be good. From the interlocutory judgment to that effect the plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

H. A. Forster, for appellant.

Roger Foster, for respondents.

BARRETT, J.    The plea in question must be treated independently. The rule is well settled that a defense which is separately pleaded as a distinct defense must be in itself complete, and must contain all that is necessary to answer the whole cause of action, or that part thereof which it purports to answer.    Bank v. Lee, 2 Bosw. 694; Ritchie v. Garrison, 10 Abb. Prac. 246; Jackson v. Van Slyke, 44 Barb. 116, note.    This rule does not tend to prolixity.    Allegations of fact which form a part of several defenses may be once stated, and be thereafter incorporated in each successive defense by appropriate words of reference, instead of repeating them at length in each.    See same cases. Reference to allegations of fact already stated in previous paragraphs of the answer may possibly import formal words of reference.    But that can only be when the intention to embrace and rely upon them is clear and obvious; in other words, by necessary implication.    Loosey v. Orser, 4 Bosw. 392.    In the present case we have no such reference, either express or implied.    Indeed, there are no allegations of fact in any other part of the answer which could have any bearing upon the special defense attempted to be set up in this plea.    It will be observed that this partial defense in terms refers to all the acts alleged in the complaint to have been committed by these individual defendants; that is, to the vacating and removal orders, to the forcible eviction of the plaintiff and his tenants under the vacating order, and to the continuous wrong of ever since keeping the plaintiff out of possession and enjoyment.    There is not a single allegation of fact in any part of the answer bearing upon the defendants' good faith and ordinary discretion with regard to these acts.    There is matter which, if true, entirely justifies their acts, and affords a complete defense to the action.    There is no allegation, however, which upon the assumption that this complete defense may fail, and ·that the facts alleged in the complaint may ultimately be found, as matter of fact, to have been illegal and unjustifiable, would still protect the individual defendants against the plaintiff's claim for damages.    In other words, the other allegations of the answer go to the root of the case, to the inherent legality upon the real facts of the defendants' acts, and not to their good faith and ordinary discretion in acting upon the facts which were presented to them when the orders in question were made, and when the injuries thereunder were done.    Thus the defense in question must

be tested precisely as it reads. It cannot be aided by resorting to other parts of the answer, to which it contains no reference in terms or by necessary implication. We have quoted the entire plea in our statement of facts. It is apparent that this plea is bad. The defendants therein say that they acted in good faith, with ordinary discretion, but they state no fact from which the court can test the sufficiency of the conclusion thus drawn. They also say that their acts were done "with evidence before them sufficient to justify their action," but they do not present the facts which the evidence tended to show. They cannot justify their action by their own unsupported assertion that undisclosed evidence was sufficient to justify what they did. It was held in Underwood v. Green, 42 N. Y. 142, that an offal contractor, acting under an ordinance authorizing the removal of all dead animals and putrid substances, is an officer of special and limited jurisdiction, and, although clothed with a judicial discretion, he must, in any given case where his power is challenged, prove some facts invoking or tending to invoke the exercise of his discretion. If he must prove such facts, he must certainly aver them. No issue of fact is tendered by an allegation of mere conclusions from undisclosed facts. In City of Buffalo v. Holloway, 7 N. Y. 493, it was held that a statement in a complaint that by means of a contract, which was set forth, it became the duty of the defendant to perform certain acts, is not sufficient unless the facts necessary to show the duty are stated. The authorities in support of the general rule are all one way (Taylor v. Insurance Co., 2 Bosw. 106; State Bank of Troy v. Bank of the Capitol, 41 Barb. 343; Reiners v. Brandhorst, 59 How. Prac. 91; McKyring v. Bull, 16 N. Y. 297; Fisher v. Insurance Co., 67 How. Prac. 191; Talcott v. City of Buffalo, 125 N. Y. 283, 26 N. E. 263), and we need not pursue the subject further than to say that the plea under consideration presents a case of extreme deviation from the rule. The defendants were not bound, and, indeed, could not be permitted, to plead evidence in support of the facts upon which their conclusions rest. But they are clearly bound to plead the issuable facts upon which their discretion was invoked. It is said, however, that the defendants are protected by section 599 of the consolidation act (Laws 1882, c. 410). The material parts of this section read as follows:

"No member, officer, or agent of said board of health, and no person (but only the board itself) shall be sued or held to liability for any act done or omitted by either person aforesaid (in good faith and with ordinary discretion) on behalf of or under said board, or pursuant to its regulations, ordinances, or the health laws. And any person whose property may have been unjustly or illegally destroyed or injured, pursuant to any order, regulation or ordinance, or action of said board of health or its officers, for which no personal liability may exist as aforesaid, may maintain a proper action against said board for the recovery of the proper compensation or damage to be paid by and from the funds of said board of health. Every such suit must be brought within six months after the cause of action arose, and the recovery shall be limited to the damages suffered."

This section is plainly limited to immunity for unjust or illegal acts done in good faith or with ordinary discretion. It does not purport, either expressly or by implication, to enact a new rule of pleading, or to prescribe a statutory form of averment. The

ordinary rule of pleading therefore governs. Bayard v. Smith, 17 Wend. 89. It was not necessary for the defendants to plead a public statute. "It was," as was said by Oakley, C. J., in Goelet v. Cowdrey, 1 Duer, 139, "sufficient for the party to set forth the facts which he is advised bring his case within the statutory proceedings, leaving the court to determine whether they apply or not, either upon a demurrer or upon the trial. In pleadings under the Code, in which facts alone, as distinguished from conclusions of law, are proper to be stated, it may be doubted whether an express reference to a statute of which the court is bound to take notice might not be stricken out as redundant." To the same effect are Carris v. Ingalls, 12 Wend. 70; Austin v. Goodrich, 49 N. Y. 268. In the latter case the court said it was a sound and well-settled rule of pleading that the plaintiff who seeks to maintain an action under a statute must state specially every fact requisite to enable the court to judge whether he has a cause of action arising under the statute. The converse is equally true, as to a defense arising under a statute. It is quite clear, therefore, that in any view of the case the plea in question, whether treated as under the statute or as general, was bad. This conclusion renders it unnecessary to consider other important and grave questions which are presented by this demurrer, namely: First, whether the section in question was intended to embrace a case like the present, where compensation is asked from a court of equity as an incident to its inherent power to restrain the continuous wrongs complained of, or whether the section is not limited to a single act of destruction or injury which can be adequately redressed in a single common-law action for the recovery of the "damages suffered"; and, second, whether the act is unconstitutional in depriving a party whose property is injured or destroyed of his right to pursue the wrongdoer; and whether the compulsory action against the board, which he is obliged to bring within six months, and in which the recovery is limited to the "damages suffered," can be deemed a certain, adequate, and sufficient remedy, especially in view of the fact that the act makes no provision for the raising of the necessary funds wherewith to meet any judgment which the party injured may recover against the board.

The interlocutory judgment should therefore be reversed, with costs to the appellant in this court and at special term, and the demurrer sustained, with leave to the defendants to withdraw or amend their plea, as they may be advised, on payment of such costs. All concur.