(24 Misc. Rep. 306.)

CRAFT v. BRANDOW.

(Supreme Court, Special Term, Greene County. May, 1898.)

1. PLEADING—ANSWER—AFFIRMATIVE DEFENSES.
An affirmative defense set up in an answer is to be treated as a separate plea, and on demurrer thereto defendant is not entitled to the benefit of denials made in another part of the answer, unless they are incorporated by reference, and made a part of the affirmative defense.

2. SHERIFFS—ACTION FOR FALSE RETURN OF NULLA BONA—ANSWER.
Where the sheriff's answer in a suit against him for a false return of nulla bona does not set up a determination of a jury against the debtor's title in the special proceeding provided by Code Civ. Proc. §§ 1418, 1419, or that the property was not in defendant's possession, or that it was not clear that it belonged to defendant, allegations of a demand by the sheriff for an indemnity bond, and the judgment creditor's failure to give it, are not a defense; and this although the creditor promised to give the bond.

Action by Mary E. Craft against I. Wheeler Brandow, late sheriff of Greene county, for damages for a false return of an execution nulla bona. On demurrer to a portion of the answer. Sustained, with leave to amend.

Addison C. Griswold, for plaintiff.
Egbert Palmer, for defendant.

CHASE, J.　The plaintiff alleges that she recovered a judgment on the 3d day of December, 1896, against one Jacob Craft and Lucinda Craft for the sum of $290.93, damages and costs; that the judgment roll was duly filed, and said judgment duly docketed, in the office of the clerk of the county of Greene on that day; that on the 8th day of January, 1897, an execution was duly issued on said judgment to the defendant, then sheriff of the county of Greene.　The executions and the indorsements thereon were in the usual form, as provided by the Code of Civil Procedure.　The complaint sets forth two causes of action.　By the first cause of action the plaintiff alleges that the defendant, by virtue of such execution, seized and took into his possession divers goods, chattels, and personal property of the judgment debtors,—more than sufficient to satisfy said judgment,—but that the said defendant, contriving and wrongfully intending to injure, prejudice, and aggrieve the plaintiff, and deprive her of the money represented by·said execution, returned said execution uncollected.　The second cause of action alleges that the judgment debtors had divers goods, chattels, and personal property in the county of Greene, from which said execution could and ought to have been collected, but that the said defendant, contriving and wrongfully and unjustly intending to injure, prejudice, and aggrieve the plaintiff, and deprive her of the money represented by said execution, returned said execution uncollected.　Judgment is demanded for the amount of said execution, with costs.　The defendant, by his answer, admits that he was, at the times alleged, sheriff of the county of Greene, and that the execution was issued to him as stated in the complaint, but denies any knowledge, or information sufficient to form a belief, as to the recovery of the judgment and of docketing the same, and then denies each and every other allegation of the complaint.　He also specifically denies that the judgment debtors, or either of them, had any goods, chattels, personal or other property, from which said execution could have been collected.　The answer then contains a paragraph as follows:

"Sixth. That said plaintiff, Mary E. Craft, and her attorney, failed, refused, and neglected to furnish, provide, and deliver said defendant a bond of indemnity against any claim or claims by any person or persons to any goods, chattels, and property claimed or alleged to belong to said Jacob Craft and Lucinda Craft, or either of them, during the time or times mentioned in said complaint, although repeatedly requested, required, and demanded so to do by said defendant, and after divers and repeated promises and agreements by plaintiff and her said attorney so to do."

The sixth paragraph of the answer, although not specifically stated as a defense, is not a denial, but consists of new matter; and to such new matter and defense the plaintiff demurs on the ground that it is insufficient in law, on the face thereof, to constitute a defense.　An affirmative defense set up in an answer is to be treated as a separate plea; and, upon demurrer thereto, defendant is not entitled to the benefit of denials made in another part of the answer, unless incorporated by reference, and made a part of the affirmative defense.

Douglass v. Insurance Co., 138 N. Y. 209, 33 N. E. 938; Abb. Tr. Brief Pl. 15. Unless the allegations contained in the sixth paragraph of the answer that I have quoted, if true, are sufficient to defeat the entire cause or causes of action, the demurrer must be sustained. A sheriff is a public officer. He is bound to exercise reasonable skill and care in the performance of his duties, and for a failure to discharge his duties with reasonable skill and care he is liable for damages resulting from such failure to one specially interested in the discharge of the duties. Code Civ. Proc. § 102; Olmsted v. Dennis, 77 N. Y. 378; 22 Am. & Eng. Enc. Law, p. 529; Crock. Sher. (3d Ed.) § 287. When an execution is issued to a sheriff, it is his duty to levy upon property in the possession of the judgment debtor, if it is used by such judgment debtor, and claimed as his own. Where a claim is made to such property by another, the sheriff should determine, in the best manner he can, whose it is, and whether he should release it or sell. If, in such case, the plaintiff tenders him an ample bond of indemnity against any claim, it would be his duty to proceed to sell, unless he chooses rather to incur the risk of proving the property not in the defendant, in any action that the plaintiff may bring against him for not selling. Where the property is not in the possession of the defendant, and it is not clear that it belongs to him, the sheriff need not make a levy, unless he has tendered to him by the plaintiff the most ample indemnity. Crock. Sher. (3d Ed.) § 464. The provisions of the Code of Civil Procedure relating to the sheriff's calling a jury to try the title to personal property all relate to a claim of title to property after a levy. If the sheriff actually makes a levy upon personal property under an execution, and thereafter such property is claimed by or in behalf of another person as his property, the sheriff may, in his discretion, impanel a jury to try the validity of the claim. Code Civ. Proc. §§ 1418, 1419. If the jury find that the property belongs to the claimant, the sheriff may relinquish the levy, unless the judgment creditor gives him an undertaking as provided by section 1419 of the Code of Civil Procedure. In case the plaintiff in the execution fails to give such undertaking, the determination of the jury is a complete defense, in any action as between the plaintiff in the execution and the sheriff, to a recovery for a false return. The sheriff may in every instance show that the defendants in the execution had no goods, chattels, or other property from which the execution could be made, and a finding to that effect would be a complete defense.

There are no facts stated in the defense set up in the answer showing that there has been a determination of a jury in regard to the title of the personal property referred to in the complaint. Neither are there any facts stated in the answer showing that the property referred to in the complaint was not in the possession of the defendants, or that it was not clear that such property belonged to the defendants. The mere demand of the sheriff for a bond, and the failure on the part of the judgment creditor to give such bond of indemnity, is not a defense in an action for a false return. If a bond had been in fact given without a determination of a jury, it would be valid and enforceable. Chamberlain v. Beller, 18 N. Y. 115. A promise to give a bond, with-

out showing some right to demand the same, cannot aid in making the allegations referred to a defense.

The demurrer is sustained, with costs; the defendant to have leave to file an amended answer within 20 days on payment of costs of demurrer to be taxed.