IVY COURTS REALTY CO. v. MORTON.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. ACTION FOR BREACH OF CONTRACT—ANSWER—SUFFICIENCY AS A DEFENSE.
   A complaint for breach of contract averred that plaintiff's predecessor on the 15th of April, 1901, contracted with defendant that he, in consideration of $7,000, should construct an apartment house on premises No. 242 W. 107th street, etc. The answer set up that on April 13, 1901, defendant contracted with plaintiff's predecessor to "cut, furnish, and put up certain stone" for a certain building "on premises known as No. 342 W. 107th street," etc.; that defendant continued performance of the work up to September 1, 1901, when plaintiff's predecessor in breach of the contract took the work entirely out of defendant's hands. This part of the answer contained no denial of the obligations of the complaint. *Held* that, even assuming that the contract referred to in the answer was the same as that sued on, the answer set up at most only a partial defense to the action, and, having been pleaded as a complete defense, was demurrable.

**2. Same—Sufficiency as Counterclaim.**
     The part of the answer referred to, though insufficient as a defense, was good as a counterclaim.

Appeal from special term, New York county.

Action by the Ivy Courts Realty Company against William C. Morton. From an interlocutory judgment sustaining plaintiff's demurrer to matters set forth as a separate defense and counterclaim in the answer, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles S. Bloomfield, for appellant.
Charles P. Howland, for respondent.

LAUGHLIN, J. The demurrer is upon the ground that, as a separate and distinct defense, the part of the answer to which it relates is insufficient in law, and that as a counterclaim it does not state facts sufficient to constitute a cause of action. The action is brought to recover $5,000 damages for a breach of contract. It is alleged in the complaint that the plaintiff is the successor to the Morningside Realty Company, a New Jersey corporation, the corporate name having been duly changed on the 1st day of October, 1901; that on the 15th of April, 1901, the Morningside Realty Company and the defendant entered into a contract by which the defendant, in consideration of said company's covenant to pay therefor the sum of $7,000, agreed to construct an apartment house on premises No. 242 West 107th street, and that the damages sought to be recovered were sustained by reason of defendant's failure to complete the contract. That part of the answer to which the demurrer relates contains no denial of any of the allegations of the complaint, but it is therein alleged that on the 13th of April, 1901, the defendant entered into a contract with the Morningside Realty Company "wherein and whereby, among other provisions, this defendant was to cut, furnish, and put up certain stone for a certain building" on premises known as No. 342 West 107th street for the agreed price of $7,000; that said company represented that it held the title to said premises; that the defendant "entered upon the performance of said contract, and continued in the performance thereof, as provided in said contract, up to about the 1st day of September, 1901, at or about which time this defendant discovered that the said Morningside Realty Company had no title to the said property, and that the title to the same was in one Mamie Kilpatrick, the wife of Frank J. Kilpatrick, and at or about which time the said Morningside Realty Company, of which the plaintiff claims to be successor, in violation of the conditions of the aforesaid contract, and not complying with the same, and while this defendant's stone was upon the property ready to put up, employed other persons to set this defendant's stone and to finish this defendant's contract, and took the work entirely out of this defendant's hands, and proceeded to finish the same; and that there is unpaid on said contract, and was unpaid at the time of the commencement of this action, the sum of $2,000, and that the profits on the balance of said contract left unpaid that would have accrued to

this defendant was the sum of $750, which this defendant counter-claims against the plaintiff." So far as this part of the answer pleads a defense, the matter is pleaded as a complete, and not a partial, de-fense, and it is therefore demurrable if it only constitutes a defense in part. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675. It cer-tainly cannot constitute a complete defense, and, in the form in which it is pleaded, it is difficult to see how it constitutes any defense. It is doubtless the fact, and seems to be assumed by counsel, that the contract therein referred to is the same contract that is set forth in the complaint; but we must decide the question upon the record as it is presented. According to the record, the dates of the contracts are not the same, the premises are not the same, and, while the considera-tion appears to be the same, it does not appear that the work is the same, and there is no reference in this part of the answer to the con-tract upon which the action is founded. This disposes of another objection, which would be fatal to the appellant if it appeared that the answer referred to the contract sued upon. The complaint alleges a breach of that contract on the part of the defendant, and, inasmuch as that allegation is not denied in that part of the answer, for the pur-pose of the demurrer it would be taken as true, and denials in other parts of the answer could not be considered. Douglas v. Coonley, 156 N. Y. 521, 51 N. E. 283, 66 Am. St. Rep. 580; Douglas v. Insur-ance Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448. Bank v. Moers, 19 App. Div. 155, 45 N. Y. Supp. 997. The allegation that the defendant performed the contract, and that the plaintiff was guilty of a breach of the contract, if they relate to the con-tract on which the action is based, are inconsistent with the allegations of the complaint, but do not constitute denials. Place v. Bleyl, 45 App. Div. 17, 60 N. Y. Supp. 800; Fleischmann v. Stern, 90 N. Y. 110. But, as has been said, there is nothing to show that the com-plaint and answer relate to the same contract. The answer is, we think, sufficient as a counterclaim. Demurrer lies only when the "facts alleged, or that can by reasonable and fair intendment be im-plied from them," do not constitute a cause of action. Coatesworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301; Booz v. Furniture Co., 45 App. Div. 593, 61 N. Y. Supp. 407. In the Coatesworth Case, supra, the court say, "Pleadings are not to be strictly construed, but averments which sufficiently point the nature of the pleader's claim are sufficient, if, under them, he would be entitled to give the neces-sary evidence to establish his cause of action." The answer suf-ficiently alleges performance of the contract by the defendant down to the 1st day of September, 1901, when it is alleged, in substance, that the plaintiff's predecessor took the performance of the work out of his hands. Code Civ. Proc. § 533. The defendant, under these allega-tions, would be entitled to show the facts constituting performance on his part. The allegations are also sufficient to admit proof that the Morningside Realty Company took possession of the work and finished the contract, and thereby excluded the defendant from so doing. In these circumstances a cause of action at once accrued to the defendant, and it was not necessary for him to allege an offer to perform, or a

tender of performance, after the owner had taken possession of the work. Smith v. Wetmore, 167 N. Y. 234, 60 N. E. 419.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs. All concur.