EELLS v. DUMARY.

(Supreme Court, Appellate Division, Third Department. May 12, 1903.)

1. PLEADING—ANSWER—DENIALS—DEFENSES.
Under Code Civ. Proc. § 500, providing that an answer must contain a general or specific denial of each allegation of the complaint controverted by the defendant, etc., and, second, a statement of any new matter constituting a defense or counterclaim, denials and defenses consisting of new matter are independent parts of the answer, and a paragraph consisting of an allegation of new matter must be considered on demurrer apart from the admissions and denials preceding it.

2. SAME.
On demurrer to a part of an answer alleging new matter in defense, allegations of the complaint not denied in such affirmative defense must be treated as admitted.

3. SAME.
Where, in an action for a balance due on a contract for the sale of brick, plaintiff, who was a receiver of a corporation, alleged that the contract for the sale of the brick was made between defendant and a certain corporation, which had assigned its right to recover the balance due to plaintiff's assignor, a separate paragraph of the answer, alleging that the amount sued for had been due to the corporation with whom the contract was made, but that such sum had been paid by defendant on executions issued on judgments in attachment suits against such corporation, was insufficient of itself to constitute a defense.

Parker, P. J., dissenting.

Appeal from Special Term, Greene County.

Action by Howard P. Eells, as receiver of the Eastern Paving Brick Company, against T. Henry Dumary. From an order sustaining plaintiff's demurrer to the fifth paragraph of the defendant's answer, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, and CHASE, JJ.

A. Page Smith, for appellant.

Nichols & Jennings (Pierre S. Jennings, of counsel), for respondent.

CHASE, J. The demurrer should be sustained. Title 1 of chapter 6 of the Code of Civil Procedure plainly prescribes what shall be contained in the pleadings. An answer must contain, first, a general or specific denial of each material allegation of the complaint controverted by the defendant; and, second, a statement of any new matter constituting a defense or counterclaim. The orderly way of arranging an answer is to have it start with admissions and follow with denials, defenses, either partial or complete, consisting of new matter, and then with a counterclaim or counterclaims, if any. While a denial is sometimes called a defense (Staten Island M. R. R. Co. v. Hinchliffe, 170 N. Y. 473, 63 N. E. 545), it remains a denial only, although it is called by another name. If a denial is called a defense, it does not for that reason become a defense under the second subdivision or section 500 of the Code of Civil Procedure, and the use of the word "defense" in connection with a denial is, in my judgment, unfortunate and confusing. Denials and defenses consisting of new matter are independent parts of an answer. In the opinion in Douglass v. Phoenix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448, it is stated that:

"The allegations of the complaint not denied in the affirmative defense are, for the purposes of the question now presented, to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference and made a part of the affirmative defense."

See Boyd v. McDonald (Sup.) 12 N. Y. Supp. 356; Sbarboro v. Health Dep., 26 App. Div. 177, 49 N. Y. Supp. 1033; Craft v. Brandow, 24 Misc. Rep. 306, 52 N. Y. Supp. 1078; Delaney v. Miller, 84 Hun, 244, 32 N. Y. Supp. 505; Wiley v. Village of Rouses Point, 86 Hun, 495, 33 N. Y. Supp. 773; Brookline National Bank v. Moers, 19 App. Div. 155, 45 N. Y. Supp. 997; Douglas v. Coonley, 156 N. Y. 521, 51 N. E. 283, 66 Am. St. Rep. 580; Ivy Courts Realty Co. v. Morton, 73 App. Div. 335, 76 N. Y. Supp. 687.

The first four paragraphs of the answer consist of admissions and denials, and they are followed by the fifth paragraph, which is the part of the answer demurred to by the plaintiff. The part of the answer so demurred to is not a denial, or a part of a denial, but it is new matter constituting an alleged affirmative defense; and, unless it states a complete defense, it is insufficient in law upon the face thereof. The argument is made that, because the fifth paragraph of the answer does not in terms start out with a statement that it is

a defense, or a separate or affirmative defense, it should be considered as a part of the defendant's general defense. It is a part of the answer, but it is a separate part of the answer, alleging, under the second subdivision of said section 500, new matter, and it must be considered apart from the admissions and denials that precede it. An examination of the allegations of the first four paragraphs of the answer shows that they are not intended as an affirmative defense, or as a part of an affirmative defense, but that they are included in the answer for the purpose of putting the plaintiff to his proof as to such parts of the complaint as are denied by said paragraphs. The fifth paragraph starts with the words, "defendant further answering said complaint"; that is, for a further answer the defendant states new matter as an affirmative defense. This paragraph, by whatever words it may be introduced, or by whatever name it may be called, is intended to be and is an alleged separate and affirmative defense. The demurrer thereto may be technical, but it is a right that the plaintiff has under our form of pleading and the decision of our courts in relation thereto, and it should be sustained unless the paragraph to which it relates is sufficient in itself as a complete answer to the plaintiff's complaint. General or specific denials as such are improper in an affirmative defense (Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274), but the statement of new matter must be sufficient in itself, if true, to constitute a complete defense. Treating the allegations of the complaint not controverted in the affirmative defense as admitted, the allegations of the fifth paragraph of the answer, if true, do not constitute a defense.

The order and interlocutory judgment should be affirmed, with costs. All concur, except PARKER, P. J., dissenting.

PARKER, P. J. (dissenting). This action is to recover a balance of $500 claimed to be due upon a contract to sell and deliver brick to the defendant, amounting in all to the sum of $46,183.95. The contract was made between the defendant and the Catskill Shale Brick & Paving Company, and the plaintiff claims as a receiver of the Eastern Paving Brick Company, which had succeeded, as an assignee, to the balance due upon such contract, from a company known as "Eastern Paving Brick Company," to which the Catskill Company had assigned, and which had performed the same. The answer of the defendant consists of five paragraphs or subdivisions. In the first four it admits the making of the contract with the Catskill Company, as claimed in the complaint; also that up to the 20th day of May, 1896, which is the date of the alleged assignment to Eastern Paving Brick Company, that company had performed all the conditions of the contract on its part; also that under such contract there had become due and payable on December 30, 1896, the sum of $46,183.95, and that all but $500 thereof had been paid. But it is also averred in such paragraphs that as to whether the said Catskill Company had ever assigned such contract, or as to whether the Eastern Paving Brick Company, as assignee, had performed the contract, or furnished to the defendant brick to the amount of $46,183.95, or as to whether it had ever assigned the balance due upon such con-

tract to the plaintiff, the defendant had no knowledge or information sufficient to form a belief. The answer then proceeds substantially as follows:

"Fifth. Defendant, further answering said complaint, alleges that during or about the month of December, 1896, there was due from him to the Catskill Shale Brick & Paving Company, under the contract set forth in the complaint herein, the sum of five hundred dollars ($500.00) for brick sold and delivered by said company to him, and that said sum so held by this defendant was, during or about the month of December, 1896, duly attached by virtue of three warrants issued to the sheriff of Albany county in three several actions against the Catskill Shale Brick & Paving Company in favor of creditors, and that thereafter judgment was obtained in each of said actions, and executions issued to said sheriff of Albany county, which said executions were satisfied by said sheriff out of said fund so held by said defendant."

The plaintiff has demurred to this fifth paragraph on the ground that, as a defense, "it is insufficient in law upon the face thereof." Such demurrer was sustained at Special Term, and from the order sustaining the same and the judgments entered thereon this appeal is taken.

This fifth paragraph does not refer to, or incorporate within itself, any of the prior denials or averments, nor does it purport, in terms, to be a further, separate, and distinct defense. Neither of the prior four paragraphs pleads any affirmative defense by itself, and, taking them all together, without the aid of the fifth, they would state no defense other than to put the plaintiff to its proof that it was the assignee of the balance due on the contract. The defense intended was evidently more than that. It was that the $500 conceded to be owing upon the contract had been paid by an application of it upon the demands of attaching creditors of the Catskill Company, without any knowledge of the defendant that such contract had ever been assigned. Such was the defense, and the only one, intended. Although divided up into paragraphs, there is no intimation that each is intended as a separate defense; on the contrary, it is plain that they were not so intended. The fifth one does not state that it is a further defense, but that, "further answering," the defendant alleges, etc.; that is, that, in addition to the facts already stated, the defendant shows the further facts, thus indicating that the fifth paragraph is to be read in connection with the former paragraphs, and that all the facts contained in all the paragraphs constitute the defense which he intends to plead. Inasmuch as the pleader has not indicated any purpose of setting up such fifth paragraph as a defense to the plaintiff's claim, the plaintiff has no right to treat it as such, and then demur because it does not constitute one. The plaintiff may not select out this paragraph of the answer, and insist that it shall not be read in connection with any of the others, and then demur on the ground that, read alone by itself, it does not state enough to constitute a defense, when nothing in the answer indicates that it was so intended. If, when read in connection with the other paragraphs, it does not add anything to their force as a defense, then it might be stricken out on motion; but it cannot be called a separate defense, and then demurred to because it is not one. The plaintiff gives it a name that the defendant has never given it, and then condemns it because it

does not justify such a name. Such paragraph must be treated as the defendant has treated it, and as he evidently intended it to be considered, viz., as an averment of part only of the facts which he pleads as constituting his defense. It must be read in connection with the other facts set up in the answer. If all, taken together, do not constitute a defense, then a demurrer would lie to the whole answer; but as to the statement contained in this paragraph alone, no demurrer can be properly interposed.

For these reasons I cannot concur with the conclusion of the court, but think the order should be reversed, with costs.