HOWARD P. EELLS, as Receiver of THE EASTERN PAVING BRICK COMPANY, Respondent, *v.* T. HENRY DUMARY, Appellant.

*Pleading — when one of several numbered paragraphs will be treated as intended to present a separate affirmative defense.*

The receiver of the Eastern Paving Brick Company, a West Virginia corporation, brought an action to recover a balance of $500 alleged to be due upon a contract for the sale of a quantity of brick to the defendant by the Catskill Shale Brick and Paving Company. The complaint alleged that the contract was assigned by the Catskill company to a New Jersey corporation known as the Eastern Paving Brick Company on May 20, 1896; that the latter company performed the contract and that all but $500 of the amount due thereon had been paid by the defendant; that that corporation had assigned this balance to the corporation of which the plaintiff had been appointed receiver.

The answer of the defendant consisted of five paragraphs or subdivisions. In the first four paragraphs he admitted the making of the contract, also that up to the time of the assignment of the contract by the Catskill company that company had duly performed all the conditions of the contract; that the contract price had become due and payable on December 30, 1896, and that all but $500 thereof had been paid. It also averred in those paragraphs that the defendant had no knowledge or information sufficient to form a belief as to the alleged assignments of the contract and as to the performance of the contract by the New Jersey corporation.

The 5th paragraph of the answer was as follows: "*Fifth*. Defendant further answering said complaint alleges that during or about the month of December, 1896, there was due from him to the Catskill Shale Brick and Paving Company, under the contract set forth in the complaint herein, the sum of five hundred dollars ($500.00) for brick sold and delivered by said company to him, and that said sum so held by this defendant was, during or about the month of December, 1896, duly attached by virtue of three warrants issued to the sheriff of

Albany county in three several actions against the Catskill Shale Brick and Paving Company- in favor of creditors, and that thereafter judgment was obtained in each of said actions and executions issued to said sheriff of Albany county, which said executions were satisfied by said sheriff out of said fund so held by said defendant."

*Held,* that the 5th paragraph of the answer was intended as a separate and affirmative defense, and that, in determining the sufficiency of this affirmative defense, all of the allegations of the complaint not controverted in the affirmative defense should be treated as admitted, and that, when so considered, the affirmative defense was demurrable.

PARKER, P. J., dissented.

APPEAL by the defendant, T, Henry Dumary, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Greene on the 15th day of August, 1902, pursuant to an interlocutory judgment entered in said clerk's office on the 5th day of July, 1902, upon the decision of the court, rendered after a trial at the Albany Special Term, sustaining the plaintiff's demurrer to the defendant's answer, and also from said interlocutory judgment.

The facts are stated in the dissenting opinion herein. The corporation of which the plaintiff is the receiver is a West Virginia corporation. Its assignor was a New Jersey corporation.

*A. Page Smith,* for the appellant.

*Pierre S. Jennings,* for the respondent.

CHASE, J.:

The demurrer should be sustained. Title 1 of chapter 6 of the Code of Civil Procedure plainly prescribes what shall be contained in the pleadings. An answer must contain, *first,* a general or specific denial of each material allegation of the complaint controverted by the defendant, and, *second,* a statement of any new matter constituting a defense or counterclaim. The orderly way of arranging an answer is to have it start with admissions and follow with denials, defenses, either partial or complete, consisting of new matter, and then with a counterclaim or counterclaims, if any.

While a denial is sometimes called a defense (*Staten Island M. R. R. Co.* v. *Hinchliffe,* 170 N. Y. 473) it remains a denial only, although it is called by another name. If a denial is called a defense it does not for that reason become a defense under the 2d subdivision of section 500 of the Code of Civil Procedure, and the use

of the word "defense" in connection with a denial is, in my judgment, unfortunate and confusing.

Denials and defenses consisting of new matter are independent parts of an answer. In the opinion in *Douglass* v. *Phenix Ins. Co.* (138 N. Y. 209) it is stated that "The allegations of the complaint not denied in the affirmative defense are, for the purposes of the question now presented, to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer unless repeated or incorporated by reference and made a part of the affirmative defense." (See *Boyd* v. *McDonald*, 35 N. Y. St. Repr. 484; *Sbarboro* v. *Health Dept.*, 26 App. Div. 177; *Craft* v. *Brandow*, 24 Misc. Rep. 306; *Delaney* v. *Miller*, 84 Hun, 244; *Wiley* v. *Village of Rouse's Point*, 86 id. 495; *Brookline National Bank* v. *Moers*, 19 App. Div. 155; *Douglas* v. *Coonley*, 156 N. Y. 521; *Ivy Courts Realty Co.* v. *Morton*, 73 App. Div. 335.)

The first four paragraphs of the answer consist of admissions and denials, and they are followed by the 5th paragraph, which is the part of the answer demurred to by the plaintiff. The part of the answer so demurred to is not a denial, or a part of a denial, but it is new matter constituting an alleged affirmative defense, and unless it states a complete defense it is insufficient in law upon the face thereof. The argument is made that because the 5th paragraph of the answer does not in terms start out with a statement that it is a defense, or a separate or affirmative defense, it should be considered as a part of the defendant's general defense. It is a part of the answer, but it is a separate part of the answer alleging, under the 2d subdivision of said section 500, new matter, and it must be considered apart from the admissions and denials that precede it. An examination of the allegations of the first four paragraphs of the answer show that they are not intended as an affirmative defense, or as a part of an affirmative defense, but that they are included in the answer for the purpose of putting the plaintiff to his proof as to such parts of the complaint as are denied by said paragraphs. The 5th paragraph starts with the words "defendant further answering said complaint." That is, for a further answer the defendant states new matter as an affirmative defense. This

paragraph, by whatever words it may be introduced, or by whatever name it may be called, is intended to be and is an alleged separate and affirmative defense. The demurrer thereto may be technical, but it is a right that the plaintiff has under our form of pleading, and the decision of our courts in relation thereto, and it should be sustained, unless the paragraph to which it relates in itself is a complete answer to the plaintiff's complaint. General or specific denials as such are improper in an affirmative defense (*Stieffel* v. *Tolhurst,* 55 App. Div. 532), but the statement of new matter must be sufficient in itself if true to constitute a complete defense. Treating the allegations of the complaint not controverted in the affirmative defense as admitted, the allegations of the 5th paragraph of the answer, if true, do not constitute a defense. The order and interlocutory judgment should be affirmed, with costs.

All concurred, except PARKER, P. J., dissenting in an opinion, and CHESTER, J., not sitting.

PARKER, P. J. (dissenting):

This action is to recover a balance of $500 claimed to be due upon a contract to sell and deliver brick to the defendant, amounting in all to the sum of $46,183.95. The contract was made between the defendant and the Catskill Shale Brick and Paving Company, and the plaintiff claims as a receiver of The Eastern Paving Brick Company, which had succeeded, as an assignee, to the balance due upon such contract, from a company known as Eastern Paving Brick Company, to which the Catskill company had assigned, and which had performed the same.

The answer of the defendant consists of five paragraphs or subdivisions. In the first four he admits the making of the contract with the Catskill company, as claimed in the complaint; also that, up to the 20th day of May, 1896, which is the date of the alleged assignment to the Eastern Paving Brick Company, that company had performed all the conditions of the contract on its part; also that, under such contract, there had become due and payable on December 30, 1896, the sum of $46,183.95, and that all but $500 thereof had been paid. But it is also averred in such paragraphs that as to whether the said Catskill company had ever assigned such contract, or as to whether the Eastern Paving Brick Company, as assignee,

had performed the contract, or furnished to the defendant brick to the amount of $46,183.95, or as to whether it had ever assigned the balance due upon such contract to the plaintiff, the defendant had no knowledge or information sufficient to form a belief. The answer then proceeds substantially as follows: "*Fifth.* Defendant further answering said complaint alleges that during or about the month of December, 1896, there was due from him to the Catskill Shale Brick and Paving Company, under the contract set forth in the complaint herein, the sum of five hundred dollars ($500.00) for brick sold and delivered by said company to him, and that said sum so held by this defendant was, during or about the month of December, 1896, duly attached by virtue of three warrants issued to the sheriff of Albany county in three several actions against the Catskill Shale Brick and Paving Company in favor of creditors, and that thereafter judgment was obtained in each of said actions and executions issued to said sheriff of Albany county, which said executions were satisfied by said sheriff out of said fund so held by said defendant."

The plaintiff has demurred to this 5th paragraph, on the ground that, as a defense, "it is insufficient in law upon the face thereof." Such demurrer was sustained at Special Term, and from the order sustaining the same and the judgments entered thereon this appeal is taken.

This 5th paragraph does not refer to, or incorporate within itself, any of the prior denials or averments, nor does it purport, in terms, to be a further separate and distinct defense. Neither of the prior four paragraphs pleads any affirmative defense, by itself, and taking them all together, without the aid of the 5th, they would state no defense, other than to put the plaintiff to its proof that it was the assignee of the balance due on the contract.

The defense intended was evidently more than that. It was that the $500 conceded to be owing upon the contract had been paid by an application of it upon the demands of attaching creditors of the Catskill company, without any knowledge of the defendant that such contract had ever been assigned. Such was the defense, and the only one, *intended.* Although divided up into paragraphs, there is no intimation that each is intended as a separate defense; on the contrary, it is plain that they were not so intended.

The fifth one does not state that it is a further defense, but that "further answering," the defendant alleges, etc. That is, that, in addition to the facts already stated, the defendant shows the further facts, thus indicating that the 5th paragraph is to be read in connection with the former paragraphs, and that all the facts contained in all the paragraphs constitute the defense which he intends to plead. Inasmuch as the pleader has not indicated any purpose of setting up such 5th paragraph as a defense to the plaintiff's claim, the plaintiff has no right to treat it as such and then demur because it does not constitute one. The plaintiff may not select out this paragraph of the answer and insist that it shall not be read in connection with any of the others, and then demur on the ground that read alone by itself it does not state enough to constitute a defense, when nothing in the answer indicates that it was so intended. If, when read in connection with the other paragraphs, it does not add anything to their force as a defense, then it might be stricken out on motion, but it cannot be called a separate defense and then demurred to because it is not one. The plaintiff gives it a name that the defendant has never given it, and then condemns it because it does not justify such a name.

Such paragraph must be treated as the defendant has treated it, and as he evidently intended it to be considered, viz., as an averment of part only of the facts which he pleads as constituting his defense. It must be read in connection with the other facts set up in the answer. If all taken together do not constitute a defense, then a demurrer would lie to the whole answer, but as to the statement contained in this paragraph alone, no demurrer can be properly interposed. For these reasons I cannot concur with the conclusion of the court, but think the order should be reversed, with costs.

Judgment and order affirmed, with costs.