## SLATER v. VON CHORUS et al.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

1. LANDLORD AND TENANT—LEASE—CANCELLATION—SUMMARY PROCEEDINGS—
LIABILITY FOR RENT.

Under the express provisions of Code Civ. Proc. § 2253, the eviction of a tenant by summary proceedings cancels the lease and the relation of landlord and tenant, and therefore terminates the tenant's liability to pay future rent as such.

2. SAME—TERMS OF LEASE—DAMAGES FOR DEFAULT—VALIDITY.

A provision in a lease that, in case the tenant fails to comply with his covenant to pay rent and is ejected by summary proceedings, he shall still be liable to the landlord for the latter's damages sustained, is valid, and not contrary to public policy.

3. SAME—PLEADINGS.

A complaint alleged that plaintiff rented certain premises to defendants for a term of years; that the lease provided that, if the lessees should violate any of its covenants, the landlord might declare the lease void and regain possession, and that the lessee should be also liable for damages; that defendants violated their covenant to pay rent, whereupon plaintiff recovered the premises in summary proceedings, and was unable to rent the premises for two months, and prayed damages therefor. *Held,* that the complaint was not for the recovery of rent, but stated a sufficient cause of action to recover damages for breach of the lessee's covenant.

Ingraham and Lambert, JJ., dissenting.

Appeal from Special Term, New York County.

Action by James Slater against Eugenie H. Von Chorus and another. From an interlocutory judgment sustaining defendant's demurrer to the amended complaint, plaintiff appeals. Reversed. Demurrer overruled.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Emanuel J. Myers, for appellant.

Stephen Callaghan (Richard K. McGonigal, on the brief), for respondents.

LAUGHLIN, J. The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint shows that the plaintiff leased, by an instrument in writing, the mezzanine floor of the "Slater Buildings," at No. 11 West Forty-Second street, borough of Manhattan, N. Y., to the defendant for a term of years, commencing on the 15th day of February, 1902, and ending on the 1st day of May, 1907, for the annual rental of $2,600, until the 1st day of May, 1905, and $3,000 thereafter, to be paid in equal monthly installments in advance; that it was provided in the lease that if the lessees should violate any of its covenants or conditions, or if the premises should become vacant, the landlord should have the option to declare the lease void and to regain immediate possession in the manner prescribed in case of the nonpayment of rent, or to take such other proceedings to recover possession as he might elect, and that the said lessees should be liable also for damages; that defendants entered into possession under the lease, but

violated their covenant to pay rent for the months of August and September, 1905, and were removed therefor on the 20th day of September, 1905, pursuant to a precept and warrant issued in summary proceedings duly instituted by the landlord; that plaintiff was unable, after diligent effort, to rent the premises for the months of October and November, 1905, and has suffered the loss of rent of the premises for said months by reason of the defendants' breach of covenant to his damage in the sum of $500, together with interest on $250, from the 1st day of October, 1905, and on the balance from the 1st day of November, 1905.

Of course, it is the law that an eviction by summary proceedings cancels the lease so far as it relates to the relation of landlord and tenant, and terminates the liability of the tenant to pay future rent as such. Code of Civil Procedure, § 2253; Johnson v. Oppenheim, 55 N. Y. 293; McAdam on Landlord & Tenant, 1301; McCready v. Lindenborn, 172 N. Y. 406, 65 N. E. 208. There is no statute, however, forbidding an agreement in the lease or otherwise between the landlord and tenant by which the tenant may obligate himself to pay damages sustained by the landlord in consequence of his failure to pay rent, even though the landlord regains possession of the premises through summary proceedings or otherwise, nor is such an agreement prohibited by public policy. It is entirely competent, therefore, for the parties to agree that the tenant in such event shall pay the damages sustained by the landlord, and it is well settled that such a covenant, if made, survives the severance of the relation of landlord and tenant by the summary proceedings. Hall v. Gould, 13 N. Y. 127; McCready v. Lindenborn, supra; Baylies v. Ingram, 84 App. Div. 360, 82 N. Y. Supp. 891; Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425, is not opposed to this doctrine. The court there merely decided that the proper interpretation of the covenant before the court was to pay a deficiency in rent arising on a reletting after the landlord had regained possession by re-entry by ejectment, as distinguished from a re-entry by summary proceedings. The allegation of the amended complaint concerning the covenant in the lease on the part of the tenant to pay damages in the event of eviction by summary proceedings or otherwise is meager; but, in view of the liberal rule applicable to a demurrer to a pleading, it is sufficient to admit proof upon the trial of a covenant in the lease on the part of the defendants to pay the damages sustained by the landlord by reason of his inability to rent the same after exercising his lawful right to regain possession for as high rental as was reserved to him in the lease. The form of such agreement is not material. There is no hard and fast rule that it must be in the usual form by which the tenant consents that the landlord may relet as his agent. It would be quite as binding if in general terms to pay the damages sustained by the landlord, provided it clearly appears that the clause relates to damages to be sustained after regaining possession of the premises, which would necessarily be the difference between the rent reserved in the lease and the rent which the landlord subsequently received, or should have received in the exercise of reasonable efforts to release the premises.

It is not specifically alleged that the clause relating to damages had reference to damages sustained after eviction, but, as such damages might reasonably be apprehended, and as it is manifest that there would be no other substantial damages, the allegation should be construed liberallly, and, for the purpose of the demurrer at least, regarded as sufficient to indicate that it embraces the damages here alleged to have been sustained through the landlord's inability to relet the premises. If the tenant had performed his contract, the landlord would have received the rent reserved in the lease for the months in question, and, it sufficiently appearing that this loss has been sustained owing to the tenant's violation of his covenant to pay rent, the loss of this rental constitutes damages within the general acceptation of the term. Chamberlain v. Parker, 45 N. Y. 569; De Lavalette v. Wendt, 75 N. Y. 579, 31 Am. Rep. 494; Dickinson v. Hart, 142 N. Y. 183, 36 N. E. 801.

This action is brought not for rent, but for the damages caused by the tenant's failure to observe his covenant to rent, which resulted in damage to the landlord through his exercise of his legal right to regain possession of the premises. It cannot be said that the landlord has brought these damages upon himself. Had he allowed the tenant to remain in possession, and had the tenant persisted in his course, the landlord would have received no income from the premises; but, by regaining possession, the landlord was in a position to relet the premises should an opportunity be afforded, and thus minimize his loss, and reduce the damages for which the tenant should be held.

It follows that the amended complaint states facts sufficient to constitute a cause of action, and the demurrer thereto should have been overruled. The interlocutory judgment should therefore be reversed, with costs, and the demurrer overruled, with costs, but with leave to defendants to withdraw the demurrer and answer on payment of the costs of this appeal and of the demurrer.

CLARKE and SCOTT, JJ., concur. LAMBERT, J., dissents.

INGRAHAM, J. (dissenting). I dissent. By the execution of the warrant in the dispossess proceedings the term demised came to an end and the relation of landlord and tenant ceased, and there could be no claim for damages against the tenant that accrued after the legal termination of the demised term. Undoubtedly the parties could have agreed that the tenant should be liable for the rent until the landlord was able to rent the premises, but no such agreement is alleged. The tenant would also be liable for any direct damage springing from his failure to comply with the covenants of the lease. But the only damage that is alleged results from the failure of the landlord to rent the premises after the lease terminated, and this loss to the landlord does not at all flow from the failure of the tenant to pay the rent prior to the termination of the lease, but arises from the act of the landlord in terminating the relation of landlord and tenant by dispossessing the tenant. The tenant would have been liable under the lease for the rent, and the damage that the landlord sustained in virtue of nonpayment would be the interest upon the amount of the

rent from the time it was due until it was paid. The inability of the landlord to rent the premises after the termination of the lease had no possible relation to a breach by the tenant of any of the covenants to pay rent, and the breach of that covenant was therefore not the proximate cause of the damage for which the plaintiff seeks to recover. The action is one solely for damages from a breach of a covenant of the tenant to pay rent, and the only damage that is alleged is the inability of the landlord to rent the premises after he, by his voluntary act, had terminated the lease and re-entered into possession of the premises. I think he could no more recover for any injury that he sustained in consequence of anything that happened after the termination of the demised term by his voluntary act than he could recover for an inability to rent the property after the termination of the term by the limitation in the lease, and the damage that he sustained after the termination of the lease was not caused by any failure of the tenant to comply with any covenant or condition in the lease.

I think, therefore, this judgment should be affirmed.