### SALOMON v. GLEICHENHAUS.

(Supreme Court, Appellate Term. October 16, 1911.)

1. LANDLORD AND TENANT (§ 198*)—LEASE—LIABILITY OF TENANT.

A provision in a lease that, in case the tenant is ejected by summary proceedings for failure to pay rent, he will pay the difference between the contract rent and the rent received by the landlord during the remainder of the term, survives dispossess proceedings, and gives the landlord, on eviction of the tenant for nonpayment of rent, the right . to recover on the provision.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

2. PLEADING (§ 129*)—SEPARATE DEFENSE—SUFFICIENCY—ADMISSION BY FAILURE TO DENY.

In determining the sufficiency of a separate defense on demurrer, a material allegation, contained in the complaint and not denied in the defense, must be considered as admitted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

3. LANDLORD AND TENANT (§ 230*)—ACTION FOR RENT—PLEADINGS—ISSUES.

A complaint alleged that a tenant violated his covenant to pay rent, and was removed in summary proceedings on a designated date; that the lease stipulated that the tenant would, after dispossession, pay the difference between the contract rent and the amount received by the landlord during the remainder of the term; and that the tenant had not paid such difference. An amended answer alleged facts claimed to constitute a constructive eviction, and averred that the tenant was compelled to abandon possession on the designated date, and that he removed from the premises. *Held*, that the answer admitted the allegations of the complaint as to the violation of the agreement to pay rent and the tenant's ejection in summary proceedings, and did not state a defense based on a constructive eviction, which cannot exist unless accompanied by a voluntary abandonment.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 230.*]

4. JUDGMENT (§ 713*)—RES JUDICATA—DEFENSES NOT INTERPOSED.

A judgment for the landlord in summary proceedings against a tenant is res judicata in a subsequent action by the landlord for damages for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the tenant's breach of his covenant to pay, after his ejection, the difference between the contract rent and the amount received by the landlord during the remainder of the term, and the defense of constructive eviction, not interposed in the summary proceedings, cannot be interposed in the action for damages.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1241; Dec. Dig. § 713.*]

Appeal from City Court of New York, Special Term.

Action by Walter J. Salomon against Louis Gleichenhaus. From an interlocutory judgment of the City Court of the City of New York, overruling a demurrer to a separate defense in the amended answer, plaintiff appeals. Reversed, and demurrer sustained, with leave to defendant to amend.

Argued before SEABURY, GUY, and COHALAN, JJ.

Bond & Babson (James P. Callender, of counsel), for appellant.
Hirsh & Newman (Benjamin Reass, of counsel), for respondent.

COHALAN, J. This is an appeal by the plaintiff from an interlocutory judgment overruling a demurrer to the separate defense set up in the amended answer.

The complaint sets forth the leasing by the plaintiff to the defendant of certain premises for a term of three years from November 1, 1909, to October 31, 1912, a covenant to pay rent in monthly installments, and the breach by the defendant of such covenant, and the further agreement on the part of the defendant, contained in the lease, that if the premises became vacant, or any rent became due and unpaid, the plaintiff, as landlord, might re-enter and remove all persons in possession of said premises by summary proceedings or otherwise, and in that event the defendant agrees to pay each month to the landlord—

"the difference between the amount to be paid as rent as herein reserved and the amount of rent which shall be collected and received from the demised premises for such month during the residue of the term herein provided, remaining after the taking possession by the landlord."

In paragraph 6 of the complaint the plaintiff alleges:

"(6) That the defendant violated the covenant to pay rent, and was on the 7th day of February, 1910, removed therefrom pursuant to a precept and warrant-issued in summary proceedings duly instituted by the landlord."

The complaint further sets forth the plaintiff's inability to rent the premises for certain months thereafter, and claims damages by reason thereof to the amount of $280. The portion of the amended answer demurred to contains 11 paragraphs, alleging facts which would tend to show a constructive eviction and which the pleader sets up as a separate defense to the plaintiff's complaint.

[1] It has been frequently held that a clause in a lease of the character herein described survives dispossess proceedings. Bayliss v. Ingram, 84 App. Div. 360, 82 N. Y. Supp. 891, affirmed 181 N. Y. 518, 73 N. E. 1119; Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. A cause of action existing in favor of a landlord and

against a tenant under a clause in a lease of this kind, after dispossession of the tenant by summary proceedings, is one of damages for breach of the covenant in the lease, and not for rent (Slater v. Von Chorus, 120 App. Div. 16, 104 N. Y. Supp. 996); the measure of damages, of course, being fixed by the amount of rent, if any, reserved in the lease. It will be observed that the amended answer does not aver, in terms, that the defendant was dispossessed by summary proceedings, but states, after reciting the alleged facts claimed to constitute a constructive eviction:

"That defendant was compelled to abandon and discontinue possession of the premises, and on February 7, 1910, the defendant did remove from the premises."

Paragraph 6 of the complaint is therefore admitted, by not being denied, in the alleged separate defense set up in the answer.

[2, 3] In determining the sufficiency of a separate defense upon a demurrer thereto, a material allegation, contained in the complaint and not denied in the separate defense, must be considered as admitted. Eeles v. Dumary, 84 App. Div. 105, 82 N. Y. Supp. 531. Tested by this rule, the allegations set up in the alleged separate defense of the amended answer in the case at bar do not constitute a defense. The defendant was compelled to abandon the premises by a warrant of dispossess issued in a summary proceeding for nonpayment of rent, and not by reason of a constructive eviction, and there can be no constructive eviction of demised premises, unless accompanied by a voluntary abandonment thereof. Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170.

[4] The defense of constructive eviction could have been interposed in the summary proceedings taken by the landlord. This apparently was not done, or, if it was done, it was not sustained. The judgment in those proceedings, therefore, is res adjudicata in an action for damages for a breach of the covenant set forth in the lease in question. The demurrer should have been sustained.

Interlocutory judgment reversed, and demurrer sustained, with costs in this court and in the court below, with leave to defendant to amend the answer within six days, upon payment of such costs. All concur.