Duer, J.
I cannot give that construction to the covenant in the lease which was insisted on by the counsel for the plaintiffs ; and giving the proper construction to the covenant, I cannot say that the complaint alleges a breach. The covenant is not general, but is limited to the personal acts of the defendant. It is not, that during the continuance of the lease no restaurant, or porter-house, shall be opened in any other part of the premi *678 ses, but that the defendant will not let, nor allow to be under-let, any part of the premises for such a purpose. The complaint does not allege that either of these acts has been done by him, but merely, that in a certain part of the premises a porter-house has been opened. It is true, the words, “ in violation of the defendant’s agreement,” are added, but these words aver only a conclusion of law, and as the conclusion is not justified by any facts stated in the complaint, the averment is irrelevant and nugatory.
It may not be necessary that the exact words of a covenant . should be followed in assigning a breach, but it must distinctly appear, by express words, or by a necessary implication, that, admitting the truth of the facts stated in the complaint, the defendant has broken the covenant in its true sense and meaning; The words of the covenant need not be literally, but must, in all cases, be substantially followed.
If the defendant is the sole owner of the building described in the lease, it is difficult to believe that any part of it can be occupied as a porter-house, unless let by him, or by one of his tenants, for that purpose. Still such may be, and I have no right to say, is not the fact. It may be, that the occupant is a mere intruder and trespasser, or he may have entered, and claim to hold the possession, under a paramount title.
I am therefore forced to say, that as the facts set forth in. the complaint do not show, expressly, or by a necessary inference, a breach of the defendant’s covenant, they are not sufficient to constitute a cause of action.
Demurrer allowed, with liberty to the plaintiffs to amend upon the usual terms.
Approved upon consultation.