## CHAUVRANT *v.* MAILLARD.

*(Supreme Court, Special Term, New York County.* January 16, 1889.)

SET-OFF AND COUNTER-CLAIM—PLEADING—CONCLUSION OF LAW.

In an action on a contract an answer which alleges as a counter-claim that plaintiff had "knowingly violated the conditions and covenants of the said contract" is fatally defective as stating merely a conclusion of law.

This was an action brought by Henry Chauvrant to compel Henry Maillard to account to him for commissions due plaintiff under a contract theretofore made between them. The following is a portion of the defendant's answer, which sets up, or seeks to set up, a counter-claim, and to which the plaintiff demurred: "*Fourth.* This defendant, further answering said complaint and by way of counter-claim, alleges and shows (1) that under and by

virtue of the written contract made and entered into by and between the parties hereto on the 25th day of January, 1886, and hereinbefore referred to, and to which this defendant begs leave to refer to on the trial of this action, it was expressly covenanted and agreed that this defendant has the right and privilege of employing a salesman to sell chocolate to grocers only; (2) that this defendant, in pursuance to said provision in said contract, employed E. J. Van Engers to sell chocolate to grocers only, and thereupon notified the plaintiff to that effect; (3) that notwithstanding such notice and this defendant's rights, this plaintiff so conducted himself, and knowingly violated the conditions and covenants of said contract, that this defendant has suffered damages in wages paid and expenses incurred by said Van Engers, amounting to three hundred dollars, no part of which has ever been paid. Wherefore defendant demands judgment that the plaintiff's complaint be dismissed, with costs, and that defendant have judgment against said plaintiff for said sum of three hundred dollars, together with interest, and that this defendant have such other and further relief as may be proper."

*Rufus T. Griggs,* (*William C. Beecher,* of counsel,) for plaintiff. *Kaufmann & Arnow,* for defendant.

INGRAHAM, J. The counter-claim is fatally defective in not alleging any fact to show that the plaintiff violated the contract. The allegation "that plaintiff so conducted himself, and knowingly violated the conditions and covenants of the said contract," is a mere allegation of a conclusion, and not a fact. In *Knapp* v. *City of Brooklyn,* 97 N. Y. 523, it was held that an allegation in the complaint "that the expense of the said local improvements for which said assessment was laid has been increased in dollars and cents by reason of the illegal action, frauds, and irregularities of the officers of the defendants," averred only a legal conclusion, without stating any facts; "that no action of such officers were pointed out as illegal; that no frauds were described as averred; that no irregularities were specified, and so no facts were pleaded upon which issue could be taken, or which indicated to the court or adversaries the questions intended to be tried." In this case no act of the plaintiff is alleged that constituted a breach of the contract, and no fact is pleaded that the defendant could deny. Whether the person knowingly violated the conditions and covenants of the contract is a legal conclusion, and a general allegation that the plaintiff did violate the conditions and covenants of such contract, without alleging any facts, is clearly insufficient to show that a cause of action existed in favor of the defendant against the plaintiff. Nor does the contract alleged as the basis of the counter-claim show any covenant or agreement that the plaintiff could violate. It is alleged that by the contract it was expressly covenanted and agreed that the defendant had the right and privilege of employing salesmen to sell chocolates to grocers only. How the plaintiff could violate the conditions of the contract that gave the defendant the right and privilege of employing salesmen it is difficult to see. The demurrer must therefore be sustained, and judgment ordered for plaintiff on the demurrer, with costs, with leave to defendant to amend his answer within 20 days, on payment of costs.