Augustus W. Blazo, Respondent, *v.* William P. Gill, Appellant.

The parties entered into a contract by which plaintiff agreed to supervise and build a house for defendant, to contract for the work and charge everything at the exact cost, for which he was to furnish vouchers. In an action to recover a balance alleged to be due for moneys paid out by plaintiff for work and materials, it appeared that plaintiff rendered a statement to defendant of moneys expended, accompanied by the vouchers therefor, and upon the trial he proved the expenditure of all the moneys claimed. *Held,* that the evidence was sufficient to sustain a recovery; that plaintiff acted as agent for defendant, and as such was bound simply to act in good faith and in the usual way in making expenditures; that it was not necessary for him to show that all the materials charged were actually used in the building, but the vouchers were sufficient *prima facie* evidence, and as to the labor, it was sufficient for him to show, as was shown, that he employed men upon the building under foremen who kept their time, and that he made payments according to the time thus kept.

Reported below, 69 Hun, 69.

(Argued June 13, 1894; decided October 9, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 27, 1893, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was an action upon a contract.

The facts, so far as material, are stated in the opinion.

*George G. Reynolds* for appellant.

*Josiah T. Marean* for respondent.

Earl, J. The plaintiff was a practical builder, and the defendant, desiring to build a dwelling house, in August, 1888, entered into a written contract with him as follows:

" In consideration of the sum of one dollar ($1.00) to me in hand paid, the receipt of which is hereby acknowledged, and a further sum of one thousand ($1,000) to be paid on the completion of the house herein described, I agree to supervise, build, finish and complete the house as per the plans annexed, signed and delivered, bearing even date with this, and according to the specification as per memo. attached. I will contract for the building of the said house in all its details with the greatest economy and charge everything at the exact cost for which I will get vouchers, and I further agree that I will give my best attention to the construction of the same in conference with Mr. A. Korber. Mr. Gill agrees to give in addition to each, Mr. Korber and Mr. A. Blazo, a further independent sum of five hundred dollars ($500.00) each, on completion of the said house."

. According to estimates made at the time it was supposed the house would cost about $16,000. The plaintiff acting as agent for the defendant under the contract employed men and purchased materials and completed the house at a cost of several thousand dollars more than the estimates, and he claims that there is due him a balance of about $2,000 for moneys paid by him for work and materials. The defendant disputes the amount demanded by the plaintiff, claiming that all the work and materials for which the plaintiff claims reimbursement did not go into the building.

Before the commencement of this action the plaintiff rendered to the defendant a statement of all the moneys expended by him upon the building with the particulars thereof and the vouchers showing such payments, and upon the trial he proved the expenditure of all the money claimed by him, showing a balance of about $2,000 due him. He did

not, however, prove the actual rendition of all the work and delivery of the materials for which he paid. His contention is that he acted as agent for the defendant and that it was sufficient for him to show that he employed men and purchased materials in the usual way without showing the actual number of days each man worked, and that the materials purchased by him were actually placed in the building. The contention of the defendant is that the plaintiff was bound to make proof of all the work done upon the building and materials furnished as if his action were to recover directly for such work and materials.

We think the proof of the plaintiff's claim was sufficient. He was the agent of the defendant, and as such bound to act in good faith and in the usual way in making his expenditures. He could order materials, and when the bills therefor were rendered, standing for the defendant and doing as he would have done, he could pay for them upon evidence satisfactory to him that the materials had been delivered, taking proper vouchers for such payments; and upon the trial the vouchers thus taken and rendered to the defendant were sufficient *prima facie* evidence of such payments, and the plaintiff was not obliged to furnish common-law evidence that every cartload of brick, stone or lumber was actually delivered at and used in the building. And as to the labor it was sufficient for him to show that he employed men upon the building under foremen who kept their time, and that he made payments according to the time thus kept. Any other rule would place an agent disbursing money for his principal in an embarrassing position, and would be impractical. It is plain that as to payments by the plaintiff all the contract between the parties contemplated was that he should take vouchers therefor, and present them to the defendant. He did not complain at any time that the plaintiff did not furnish proper vouchers for any of the payments made by him. His sole claim was that he was not satisfied that he had had the benefit of all the labor and materials paid for by the plaintiff. He had been presented with the vouchers and the items of the plaintiff's claim, and yet upon the trial he was not able to

show that a single item was improper or that the plaintiff did not in good faith pay every dollar for which he claimed reimbursement.

The judgment should be affirmed, with costs.

All concur, except Andrews, Ch. J., not sitting.

Judgment affirmed.