(20 Misc. Rep. 623.)

COCHRAN v. REICH. (Nos. 2 and 3.)

(Supreme Court, Appellate Term. July 1, 1897.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS.

Where summary proceedings for the removal of a tenant are taken under a lease providing for the payment both of rent and of water rents, and any amount for either is found to be due, the landlord is entitled to a final order.

Appeal from Sixth district court.

Action by William F. Cochran against Lorenz Reich. From a final order in summary proceedings, defendant appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Vanderpoel, Cuming & Goodwin (Delos McCurdy, of counsel), for appellant.

Evarts, Choate & Beaman (Treadwell Cleveland, of counsel), for respondent.

McADAM, J. After the final order of August 17, 1892, was made in the proceeding between these same parties, referred to in the opinion filed this day in appeal No. 1 (46 N. Y. Supp. 441), and the rent under such order was paid, the landlord commenced the two proceedings from which the present appeals are taken,—one on February 13, 1893, for the nonpayment of $13,250, rent accruing after said first proceeding, up to November 1, 1892, and of $1,903.30, water rents paid by the landlord; and the other on March 2, 1893, for the nonpayment of $13,250, rent from November 1, 1892, to February 1, 1893. The tenant interposed as a defense that the lease was usurious and void. Prior to the trial of these two proceedings, a suit in equity brought by the tenant against the landlord came on for trial in the supreme court. In that suit the tenant claimed, by way of equitable relief, that the lease be declared a mortgage to secure usurious loans, and on that account void. The supreme court, after a trial on the merits, decided that the final order referred to in the opinion on appeal No. 1 was an adjudication that the relation of landlord and tenant existed between the parties, and estopped the tenant from questioning the validity of the lease, and found:

"First. That on or about February 1, 1888, the defendant made to the plaintiff a lease dated that day, of premises at the southwest corner of Fifth avenue and Thirty-Third street, known as 'Numbers 328, 330, 332, and 334 Fifth avenue,' in the city of New York. The plaintiff accepted said lease, and entered into possession of said premises thereunder.

"Second. The rent for the months of May, June, and July, 1892, amounting to $13,250, was due and payable under said lease by the plaintiff to the defendant on August 1, 1892. The said rent remaining unpaid by the plaintiff on August 12, 1892, on that day the defendant duly began summary proceedings in the district court of the city of New York for the Sixth judicial district, to which court jurisdiction in that behalf appertained, to recover the possession of the said premises by reason of the failure of the plaintiff to pay the said rent.

"Third. That in said proceedings a precept was duly issued, and served upon the plaintiff, and upon the return thereof on August 17, 1892, the said plaintiff, the tenant in said proceeding, appeared by attorney.

"Fourth. On August 17, 1892, in said summary proceedings, judgment was duly rendered in favor of the petitioner in said proceedings, William F. Coch-

ran, the defendant herein, that said petitioner have possession of the said premises by reason of the nonpayment of the tenant's rent."

And the court decided that the lease of the said premises was and is a valid lease, and directed that the complaint be dismissed on the merits, with costs.

The judgment in the supreme court suit was put in evidence on the trial of these two proceedings, and the justice, following the ruling made by the supreme court, held that the lease was a valid instrument, and that the supreme court judgment was conclusive as to all matters adjudicated thereby, or which the parties might have litigated as incident to the subject-matter of the litigation. Jordan v. Van Epps, 85 N. Y. 436; Reich v. Cochran, 151 N. Y. 127, 45 N. E. 367. The supreme court judgment having been affirmed by the general term (74 Hun, 551, 26 N. Y. Supp. 443), and by the court of appeals (151 N. Y. 122, 45 N. E. 367), the only questions open to review now are those relating to the amount of rent found due, and the sufficiency of the demand made therefor. As to the rent for the premises, there is no question, because the amount was fixed by the lease, and there was no allegation or proof of payment. The landlord produced receipted bills for the water rents, and proved their payment, thereby establishing his right thereto under the terms of the lease, which provided that, if the tenant did not pay them, the landlord might enforce payment thereof to him, as part of the rent reserved by the lease. Bowman v. Downer, 28 Vt. 532; Hall v. Hall, 1 Mass. 101; Lewison v. Hoffman, 8 Misc. Rep. 583, 29 N. Y. Supp. 1119; Blazo v. Gill, 143 N. Y. 232, 38 N. E. 101. The justice had no power to award judgment for the recovery of the rent or water rents, and, if any amount for either was due, the landlord was entitled to the final order. Jarvis v. Driggs, 69 N. Y. 143; Grafton v. Brigham, 70 Hun, 131, 24 N. Y. Supp. 54. The demand was made by a three days' notice in writing, in the form and served in the manner prescribed by the statute; so that everything essential to the landlord's case was established.

The objections urged in the court below are without merit, and the final orders must be affirmed, with costs.

BISCHOFF, J., concurs.