erroneous, and should be reversed, with costs, and the demurrer overruled, with costs, but with leave to the defendant to withdraw the demurrer and to answer upon payment of the costs.    All concur.

---

## BOEZ v. CLEVELAND SCHOOL–FURNITURE CO.

(Supreme Court, Appellate Division, First Department.    December 8, 1899.)

1. PLEADINGS—SEPARATE CAUSES OF ACTION—DEMURRER.
    On demurrer to a complaint containing two causes of action, the sufficiency of each must be considered by itself without reference to the other.

2. SAME—CONSTRUCTION.
    On demurrer for insufficiency, pleadings are not to be construed strictly against the pleader, but averments which sufficiently point out the nature of the pleader's claim are sufficient if, under them, he would be entitled to give the necessary evidence to establish his cause of action.

3. CONTRACTS—PLEADING—ATTACHMENT OF WRITTEN CONTRACT.
    Where a written contract was attached to a complaint in an action for its breach, but was not referred to therein, such contract could not be considered in determining whether the complaint stated facts sufficient to constitute a cause of action.

4. SAME—SUFFICIENCY.
    A complaint alleging that on a certain day plaintiff entered into a contract with defendant, to extend for five years; that by defendant's acts plaintiff had been prevented from carrying out his part of the contract, by which breach it had been damaged in the sum of $8,000, for which he demanded judgment,—is insufficient, since neither the nature of the contract, obligations assumed by either party, consideration, nor facts from which a consideration might be inferred were stated, nor could any obligation resting on defendant be implied therefrom.

Appeal from special term, New York county.

Action by Henry N. Boez against the Cleveland School-Furniture Company.    From a judgment overruling a demurrer to the complaint, defendant appeals.    Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

John T. Fenlon, for appellant.
A. S. Gilbert, for respondent.

INGRAHAM, J.    The complaint alleges two causes of action, to which the defendant interposed a demurrer upon the ground that neither states facts sufficient to constitute a cause of action.    The court sustained the demurrer as to the first cause of action, and overruled it as to the second.    The defendant appeals from the judgment so far as it overrules the demurrer.

The second cause of action must be considered by itself, without reference to any of the allegations contained in the first cause of action.    The second cause of action alleges that on November 2, 1896, the plaintiff entered into a contract with the defendant, a foreign corporation, which contract was to exist and remain in full force and effect for the term of five years; "that by the acts of said defendant the plaintiff has been prevented from carrying out his

part of the contract, and for the breach of said contract by the said defendant the plaintiff has been damaged in the sum of eight thousand dollars ($8,000.00)"; and the plaintiff demands judgment to recover the said sum. There is annexed to the complaint a contract marked "A," but, as this contract is not referred to in the second cause of action, it cannot be considered in determining this question. A demurrer upon the ground that such facts are not alleged can be sustained only when it appears that, after admitting all the facts alleged, or that can, by reasonable and fair intendment, be implied from them, the complaint fails to state a cause of action. Under the more recent authorities, pleadings are not to be construed strictly against the pleader, but averments which sufficiently point out the nature of the pleader's claims are sufficient if under them he would be entitled to give the necessary evidence to establish his cause of action. Coatsworth v. Railway Co., 156 N. Y. 457, 51 N. E. 301. But, even allowing for the most liberal application of the rules, we do not think that there are facts here alleged, or which may be implied from what are alleged, that would sustain a recovery. The complaint must allege facts, not conclusions, which, if proved, would entitle the plaintiff to a judgment. It is alleged that the plaintiff entered into a contract with the defendant. The nature of the contract is not alleged. The obligations assumed by either party are not stated. No consideration is alleged, and no facts are stated, which would support a finding that there was any consideration for the contract. The contract upon which the claim to recover is based is not so identified as to justify a court in receiving evidence as to the execution of any particular contract upon the trial, or that by a contract any obligation was imposed upon either the plaintiff or the defendant. The allegation is so indefinite and uncertain that no obligation of the defendant could be implied from it. There is no allegation that the plaintiff performed the contract on his part, or offered to perform, or was ready and willing to perform, and no allegation that the defendant failed to perform the contract on its part, or that there was a breach of a contract. The allegation that by the acts of the defendant the plaintiff had been prevented from carrying out his part of the contract is not a sufficient allegation of a breach by the defendant. The allegation is a mere conclusion, as the particular acts of the defendant from which the plaintiff drew that conclusion are not pleaded; and the further allegation that by a breach of the said contract by the defendant the plaintiff has been damaged in the sum of $8,000 does not allege that there was a breach by the defendant, but is merely an allegation of damage. Courts have gone to a great length in sustaining pleadings where the allegations of fact are sufficient to show to a defendant just what facts are relied on by the pleader to sustain his right to a recovery, but no case has gone so far as to hold that the mere allegation of indebtedness is sufficient to sustain a cause of action, and this second cause of action is little more than such a general allegation of an indebtedness because of damages sustained in consequence of a breach of some agreement between the parties, the terms and nature of which are not specified. We think, therefore, that this second

cause of action did not state facts sufficient to constitute a cause of action, and that the demurrer should have been sustained.

The judgment must, therefore, be reversed, with costs to the appellant, and the demurrer sustained, with costs, with leave to the respondent to amend the complaint upon payment of such costs. All concur.

---

## SEIPP v. DRY-DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department.   December 8, 1899.)

1. STREET RAILWAYS—COLLISION—EVIDENCE.

Admission of evidence that the driver of a street car, claimed to have run into plaintiff's wagon, was arrested therefor, is prejudicial error.

2. SAME—DECLARATION

Declaration of the driver of a street car to the officer arresting him, on a trip subsequent to that on which it was claimed he ran into plaintiff's wagon, that he was the man he was looking for, from which it could be inferred that he deemed himself at fault, and was seeking to make a voluntary surrender, is inadmissible.

3. SAME.

Declaration of the conductor of a street car, claimed to have run into plaintiff's wagon, that the car driver was at fault, is inadmissible in chief, being no part of the res gestæ, or to contradict the conductor, his attention not being called to it on his cross-examination.

4. SAME.

A witness for plaintiff cannot testify that a witness for defendant, who was at the place where it was claimed defendant's street car ran into plaintiff, said he would, if called on, be willing to be a witness for plaintiff.

Appeal from trial term, New York county.