(39 Misc. Rep. 22.)

### PICKER et al. v. WEISS.

(Supreme Court, Special Term, New York County. October, 1902.)

1. PLEADING—DEMURRER.

    A demurrer to a pleading will be overruled if any cause of action can be established by the allegations of the pleading.

2. ACTION AGAINST AGENT—COUNTERCLAIM.

    In an action by a principal against his agent for moneys converted, the agent interposed a counterclaim alleging employment to sell liquors of the principal to certain customers of his own, under an agreement that the principal would furnish liquors of the quality which the same were held out to represent, with an agreement for a commission on such sales. *Held* to set up a contract to furnish liquors of the quality represented, and a failure to furnish that quality would prevent the agent from earning his commission.

3. SAME—PLEADING.

    A breach of an agreement by principals to employ defendant to sell liquors for them is not sufficiently pleaded by the general allegation that plaintiffs "did not keep their promise and guaranty," when not accompanied by the facts supporting such allegation.

Action by Isidor Picker and others against Ernest Weiss. Demurrer and counterclaim sustained.

Stern, Singer & Barr, for demurrants.

Rosenthal & Berman, for defendant.

SCOTT, J. The plaintiffs sue for moneys alleged to have been converted by defendant while acting as their agent. The defendant, by way of counterclaim, alleges as follows:

"For a separate defense, and by way of set-off and counterclaim, the defendant alleges that it being represented to plaintiffs and they knowing that the defendant had a number of customers who made their purchases of liquor only through defendant as a middleman, and who depended upon defendant by

reason of his furnishing them with proper stock, pursuant to their orders given to him·therefor, the plaintiffs employed defendant to sell plaintiffs' liquors to said customers, and plaintiffs promised and guarantied to defendant that the plaintiffs would furnish liquors of the quality which the same were held out to represent; that the plaintiffs undertook to pay defendant a commission of two to fifteen per cent. on such sales."

The plaintiffs profess themselves unable to understand just what cause of action, if any, is sought to be set out in this pleading; and the defendant himself seems to be in some doubt as to· whether the allegations set forth a cause of action for breach of contract, or breach of warranty, or deceit, but insists that it does set forth some cause of action. However inartificial a pleading may be, it becomes the duty of the court, upon demurrer, to sustain it, if any cause of action can be spelled out of its allegations. The pleading under review lacks essential elements of a cause of action either for breach of warranty or for deceit, but it does, I think, sufficiently set forth a contract between the parties. It alleges the defendant's employment by the plaintiffs to sell their liquors, and their agreement not only to pay him commissions, but also their promise that they would furnish liquors "of the quality which the same were held out to represent." This phrase apparently means that the plaintiffs agreed that when the defendant, as their agent, sold liquors which the plaintiffs represented to be of a certain quality, they (the plaintiffs) would deliver in fulfillment of such sale liquors of the same quality as they had been represented to be. It is evident that a failure to keep this agreement might result in loss to the defendant, because the purchasers would be under no obligation to accept goods of a poorer quality than those which they had agreed to buy, and, if they did so refuse, the defendant might lose the commissions which he would have earned if the sales had been consummated. If this was the agreement sought to be pleaded, it remains to be seen whether the defendant has sufficiently set forth its breach. He avers "that the plaintiffs did not keep their promise and guaranty aforesaid, to defendant's damage $392.10." This general allegation is not sufficient. It contains only a conclusion of law, and states no particular facts upon which to base the conclusion. Schenck v. Naylor, 2 Duer, 675; Krower v. Reynolds, 99 N. Y. 245, 1 N. E. 775. The defendant, however, undertakes to specify wherein the plaintiffs have broken their agreement: First. "By reason of goods, on order accepted, being delivered too late, upon which the customers canceled the orders and returned the goods," and the defendant lost his commission. This dereliction has no connection with the special promise said to have been made by plaintiffs. Second. "By reason of imperfect goods by defendant sold and delivered by plaintiffs, upon which the customers returned the goods, which were unmerchantable," and the defendant lost his commissions. This specification contains no allegation as to the quality of the goods which were agreed to be sold, or that the goods delivered did not equal in quality those which were sold. Third. "By reason of the customers of defendant having been deceived by plaintiffs, against which deception defendant cautioned plaintiffs frequently, in the delivery of liquors to the customers on defendant's orders. The following customers, having the respective orders for liquors to be filled, refused to give the same to defendant to

be filled; they having, by reason of such deception, lost their confidence in the plaintiffs' liquors." This seems to mean that there were certain orders which defendant might have obtained, but did not, because the plaintiffs had in previous transactions in some way deceived the intending purchasers, whereby the defendant lost the opportunity to earn commissions which but for plaintiffs' previous deceitful conduct he might have earned. These damages are certainly somewhat remote and speculative, but, even assuming that they might be recovered under a proper pleading, the statements contained in the third specification of breach are not sufficient to establish such a breach, because it is not alleged wherein the breach consisted, or whether or not it consisted in a failure to "furnish liquors of the quality. which the same were held out to represent." My conclusion is that, even if a contract can be found to be set forth in the counterclaim, the defendant has failed to sufficiently allege its breach. The demurrer must therefore be sustained, with costs, with leave to defendant to amend his answer within 20 days on payment of costs.

Demurrer sustained, with costs, with leave to defendant to amend answer within 20 days upon payment of costs.