SEELAV et al. v. McKENZIE.

(Supreme Court, Appellate Term. February 23, 1905.)

PLEADING—ACTION ON CONTRACT—SUFFICIENCY OF ANSWER.

In an action for the price of "goods, wares, and merchandise" sold and delivered, an answer alleging a contract for the purchase of lumber 'from plaintiff, and a breach thereof by failure to deliver some of the kinds ordered, without connecting this contract with the contract sued on, is subject to demurrer.

Appeal from City Court of New York, Special Term.

Action by Max Seelav and another against William U. McKenzie. From an interlocutory judgment overruling a demurrer to a separate defense for insufficiency, plaintiffs appeal. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Herman B. Goodstein, for appellants.

Theodore H. Friend, for respondent.

PER CURIAM. The complaint alleges the sale and delivery of "goods, wares, and merchandise" on or about the 10th day of September, 1904. The separate defense demurred to alleges a contract made on August 5, 1904, whereby the plaintiffs sold and agreed to deliver to the defendant several quantities of lumber of various sorts, and that on September 10, 1904, the defendant received from the plaintiffs a quantity of lumber, largely in excess of the amount ordered in some sizes, and lacking in other sizes; also that the defendant has accepted and paid for such portions of the shipment as were covered by and conformed to the contract, and rejected the balance; and that on its receipt such payment was accepted by the plaintiffs in full satisfaction and discharge under such agreement.

There is not a word to connect the goods, wares, and merchandise mentioned in the complaint with the lumber mentioned in the separate defense, except the coincidence of date, to wit, September 10, 1904. This, we think, is wholly insufficient, even under the most liberal application of the rule invoked by the appellant that a pleading should be literally construed. There must be something to show that the complaint and the answer relate to the same contract. Ivy Courts Realty Co. v. Morton, 73 App. Div. 335, 76 N. Y. Supp. 687.

The interlocutory judgment should be reversed, with costs to the appellant, and the demurrer sustained, with costs, with leave to the defendant to plead over upon payment of such costs within six days.