IROQUOIS REALTY CO. v. IROQUOIS HOTEL & APARTMENT CO.

(Supreme Court, Appellate Term. June 6, 1907.)

LANDLORD AND TENANT—RENT—SUMMARY PROCEEDING.

Under Code Civ. Proc. § 2231, subd. 3, where a tenant of real property holds over after default in payment of taxes, he may be removed, after a demand for payment has been made or at least three days' notice in writing personally served, requiring in the alternative the payment thereof or the possession of the premises. Held, that where no personal demand for payment was made, but a person was sent to serve a demand, who had no authority to make a demand or receive any money, the requirements essential to a summary proceeding had not been sufficiently observed.

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by the Iroquois Realty Company against the Iroquois Hotel & Apartment Company. From a judgment for plaintiff, and an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Niles & Johnson (William W. Niles and John J. Cunneen, of counsel), for appellant.

Baldwin & White (Roger S. Baldwin and William P. Jeffery, of counsel), for respondent.

GOFF, J. This was a summary proceeding, brought by the Iroquois Realty Company, as landlord, to obtain possession of the premises known as Nos. 47 to 53 West Forty-Fourth street, occupied by the Iroquois Hotel & Apartment Company as tenant, for failure to pay rent, taxes, and water rates in accordance with the terms of the lease. The answer set up the defense of payment.

As to the facts of the case there was no dispute, and for the pur-

poses of this appeal but few need be considered. On the 1st of October, 1906, taxes were due and unpaid by this defendant. Although frequent letters were sent by the petitioner's attorneys requesting the payment of these taxes, they remained unpaid until paid by petitioner on December 28, 1906. No personal demand for payment was made, nor was such notice served as required by Code Civ. Proc. § 2231, subd. 3, until February 4, 1907, when the demand was served. Frederick C. Hempe, who served it, testified that he was not authorized to make any demand, nor receive any money, but that he was sent merely to serve the demand, which he did. As this remedy is purely statutory, the requirements of the law should be closely observed, which clearly was not done in the case at bar, by either making a proper demand (Zinsser v. Herrman, 23 Misc. Rep. 645, 52 N. Y. Supp. 107), or serving a notice as required by the Code (section 2231). Not an argument is advanced in respondent's brief in refutation of this point raised by appellant. A proper demand is essential to the maintenance of such a proceeding, and as no demand was proven to have been made, and it was so pointed out by the attorney for the tenant, and objection thereon raised, the final order must be reversed. In view of the attitude taken by this court it becomes unnecessary to examine the remaining points raised by appellant, although they are not destitute of merit.

For the reasons given, the final order and determination is reversed, and a new trial ordered, with costs to appellant to abide the event.

FITZGERALD, J., concurs.

GILDERSLEEVE, P. J. (concurring). In voting for reversal, I deem it proper to state that I consider the point urged by the appellant, to the effect that previous payment of taxes by the landlord constitutes a bar or a waiver of the right to dispossess for nonpayment of the same by the tenant, well taken. The landlord having paid the taxes, his remedy is an action against the tenant for damages for breach of the covenant to pay taxes. People ex rel. Wilson v. Swayze, 15 Abb. Prac. 432. The lease in the case at bar contains no provision, as was the fact in the case of Cochran v. Reich, 20 Misc. Rep. 623, 46 N. Y. Supp. 443, that the landlord might pay the taxes, and the amount so paid should be considered as rent, and payment thereof enforced as such.