## SIMONELLI v. DI ERICCO.

(Supreme Court, Appellate Term. June 5, 1908.)

1. LANDLORD AND TENANT—DISPOSSESSION PROCEEDINGS—"RENT."

The term "rent," as used in Code Civ. Proc. § 2231, authorizing the maintenance of summary proceedings for the dispossession of a tenant for nonpayment of rent, cannot be extended to include the cost of repairs for which the tenant had agreed to pay.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6087–6091.]

2. SAME—GROUNDS OF DISPOSSESSION—PAYMENT FOR REPAIRS.

Under Code Civ. Proc. § 2231. providing the various grounds on which summary proceedings for the dispossession of a tenant may be maintained, such action cannot be grounded on the tenant's breach of covenant to repair and to comply with orders of the health department; neither of such defaults being within the terms of such section.

Appeal from Municipal Court, Borough of Manhattan, First District.

Certiorari to review proceedings for the dispossession of a tenant by Pasquale Simonelli against Salvatore Di Ericco. From a final order in favor of the landlord, defendant appeals. Reversed and dismissed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Campbell & Moore (Kneeland Moore, of counsel), for appellant.
Robert W. Bernard, for respondent.

GERARD, J. This is an appeal from a final order awarding to the landlord possession of the premises in the borough of Manhattan. The proceeding is based upon the alleged failure of the tenant to comply with the regulations and orders of the tenement house department and to make what the landlord claimed were necessary repairs, and which on default of the tenant the landlord claimed that he made at an expense of $460, and which sum the tenant failed to pay when demanded. In the lease the tenant covenanted to—

"keep the demised premises, inside and outside, including the plate glass, in good repair at his own cost and expense, and during the entire term he will at his like expense do and make all repairs of each and every part of the inside and outside of said premises, including the plate glass, and at the expiration of the said term will quit and surrender the premises hereby demis-

ed in as good state and condition as reasonable use and wear thereof will permit, and, further, that he will comply with and obey all the regulations and orders of the health department * * * of the said city and of the borough of Manhattan, and provided that, in case the tenant shall fail or neglect to make any necessary repair or comply with the health department or other departments, then the landlord may enter said premises and make said repairs and comply with said orders at the expense and cost of the tenant, and in case of failure by him to pay the same the same shall be added to the rent then due, or the landlord may deduct the same from any balance or any sum remaining in his hands."

The rent reserved in the lease was always promptly paid, and the monthly rent due February 10th was paid on that day. Immediately thereafter the landlord's agent demanded payment of the $460, which he claimed had been paid for repairs, and the tenant refused to pay the same. One week thereafter this proceeding was commenced.

We do not think that the court below had any jurisdiction to dispossess the tenant for nonpayment of this sum. The term "rent" cannot be extended to mean cost of repairs. Bien v. Bixby, 18 Misc. Rep. 418, 41 N. Y. Supp. 433. The jurisdiction of the Municipal Court in summary proceedings is defined by statute. Section 2231 of the Code sets forth the cases in which a tenant may be removed by summary proceedings. The case of a breach by tenant of a covenant to make repairs, or to comply with department orders, or to reimburse the landlord for his expenses in making such repairs or complying with such orders, is not mentioned. The removal must be for rent, or for some other default mentioned in the statute. For instance, the statute provides, where the tenant has agreed in writing to pay taxes or assessments levied on the demised premises, that he may then be dispossessed, and the other cases provided for are where the tenant has taken the benefit of an insolvent act, or has been adjudicated a bankrupt, or the premises are used for improper purposes. The expression in the statute of these particular cases excludes the case which arises here.

The case of Cochran v. Reich, 20 Misc. Rep. 623, 46 N. Y. Supp. 443, relied on by the landlord, was a case where there was actual rent due; and, further, that case was brought within the provisions of the statute providing for the proceedings upon failure of tenant to pay a tax, which in that case was a water tax. In any event, even the language of the lease does not make this sum of money rent, but simply states that the sum shall be added to the rent then due; and, further, when the demand and refusal occurred, there was no rent then due, and there was no rent due until the 10th of the following month. The final order should be reversed, with costs, and the petition dismissed.

Final order reversed, with costs, and petition dismissed. All concur.