## CENTRAL TRUST CO. OF NEW YORK v. TREAT.

(Circuit Court, S. D. New York. October 26, 1911.)

1. STIPULATIONS (§ 18*)—JUDGMENT BY STIPULATION—VACATION—GROUNDS—MISTAKE.

Where it was stipulated by a collector of internal revenue, in a suit against him to recover taxes paid under War Revenue Act June 13, 1898, c. 448, 30 Stat. 448 (U. S. Comp. St. 1901, p. 2286), that the cause should abide the event of another action for taxes of another year, and plaintiff recovered in the other action, the collector is not entitled to vacation of a judgment entered under the stipulation, because he was misled in making the stipulation by a statement in a letter from plaintiff's attorney that all the cases were governed by the same state of facts, though plaintiff had really lost the right to maintain the particular suit through having taken no appeal from the assessment, where the collector had ample opportunity to have discovered from his pleadings that no such appeal had been taken.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 18.*]

2. UNITED STATES (§ 124*)—SUITS BY AND AGAINST—RIGHTS AS LITIGANT.

When the United States sues or consents to be sued, even in its own courts, it becomes a litigant, and is to be treated like any other litigant, except where it has otherwise provided by law.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 112; Dec. Dig. § 124.*]

Action by the Central Trust Company of New York against Charles H. Treat. On motion to vacate a judgment against defendant under stipulation. Motion denied.

Joline, Larkin & Rathbone, for plaintiff.
Henry A. Wise, U. S. Atty., for defendant.

WARD, Circuit Judge. [1] This is a motion to vacate a judgment entered against the defendant, a collector of Internal Revenue,

under a stipulation that this with two other cases, should abide the event of a fourth action arising out of the same facts. The four actions were to recover taxes paid under the War Revenue Act of 1898 under protest to the defendant for the years 1898, 1899, 1900 and 1901. The action which involved the taxes for 1901 was tried out at circuit and a judgment rendered in favor of the plaintiff which was affirmed by the Circuit Court of Appeals, 185 Fed. 760, whereupon judgments were entered for the plaintiff in the three other actions.

It now appears that the plaintiff took no appeal from the defendant's assessment for 1898, as required by section 3226, U. S. Rev. Stat. (U. S. Comp. St. 1901, p. 2088), without which the action could not be maintained. The defendant, in his motion to vacate the judgment in this case, contends that he was misled into making the stipulation by a statement in one of the letters of plaintiff's attorney, dated December 18, 1909, that the three cases were "governed by precisely the same state of facts as the case already tried." This statement was true as to the cause of action, which was what the writer was considering, but was not true in respect to the procedure. After this, however, the negotiations continued to March 5, 1910, before the stipulation was agreed upon, and if the defendant had looked at his pleadings he would have seen that the complaint alleged, and his answer denied, that such an appeal had been taken. I think the parties were dealing at arm's length, and see no ground for the defendant's saying that he was misled into making the stipulation.

[2] If the judgment be vacated, the plaintiff will not be able to prove that it took an appeal to the Commissioner of Internal Revenue, and it will be too late to begin another action, so that the court's discretion will be exercised to enable the defendant to keep money which the Circuit Court of Appeals has decided was wrongfully collected from the plaintiff. To relieve an individual of such a stipulation, with such a result, would be plainly inequitable, and I think no court would exercise its discretion to do so. Because the real defendant is the United States, and the United States is a sovereign, there is an inclination at first to come to a different conclusion. But when the United States sues or consents to be sued, even in its own courts, it becomes a litigant, and is to be treated like any other litigant, except wherein it has otherwise provided by law.

I think it should be taken to have waived this purely technical objection, and therefore the motion is denied.