Baby Show Exhibition Company, Inc., Respondent, *v.* Crow-
ell Publishing Company, Appellant.

First Department, November 3, 1916.

Pleading — action for breach of contract — allegation of facts constitut-
ing breach — when particular acts or omissions by defendant need
not be alleged.

In an action to recover damages for the breach of a contract, *the facts
constituting the breach* must be pleaded. It is insufficient to plead gen-
erally that the defendant failed to fulfill his obligations under the con-
tract, or that he has been guilty of a breach of the contract.

But allegations that the defendant repudiated the contract *in toto* and
refused to be bound thereby or to perform on its part may obviate the
necessity of alleging the particular acts or omissions on the part of the
defendant claimed to constitute violations of the contract.

Complaint in an action for a breach of a contract by the defendant to aid
and assist the plaintiff in organizing and conducting a " Better Babies
Contest," examined, and *held*, insufficient, because of a failure to allege
the *facts* constituting the breach of the contract.

Appeal by the defendant, Crowell Publishing Company,
from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of the
county of New York on the 19th day of May, 1916, denying
defendant's motion for judgment on the pleadings, consisting
of a complaint and an answer.

*Joseph M. Hartfield* [*Ernest G. Fifield* with him on the
brief], for the appellant.

*Louis Ogust*, for the respondent.

Laughlin, J.:

The question presented by this appeal relates to the suffi-
ciency of the allegations of the complaint with respect to a
breach of the contract therein alleged, for which damages are
demanded.

The plaintiff alleges that the parties entered into an agree-
ment, whereby, in consideration of certain specified agreements
on the part of the plaintiff with respect to a " Better Babies
Contest " to be conducted by it, the defendant agreed to secure

the co-operation of leading physicians in conducting the same, and to turn over to such physicians " the scientific examination or judging of entries therein," and to make active and energetic efforts to secure members of the advisory board and speakers for the educational campaign to be held in connection therewith, and to provide ideas for publicity matter on the request of the plaintiff, and to give all possible publicity to the Baby Show and Exposition, and especially through the columns of the " Woman's Home Companion," a monthly magazine published by the defendant, and through publicity work to be carried on by the defendant through the " Better Babies Bureau " of said magazine; and to aid the plaintiff thereby and directly to reach manufacturers and merchants catering to the needs of babies, " in order to sell said manufacturers and merchants exhibition space " at said show and exposition, " and to do any and all things which might benefit the plaintiff herein in order to make said Baby Show and Exposition a financial success." The plaintiff then alleges in the next paragraph that it has duly carried out and performed the terms and conditions of the contract on its part, " but this defendant, contrary to and in violation thereof, neglected, omitted and refused to carry out the terms and conditions of said agreement on its part to be performed and further, through its officers, agents and employees, performed acts malicious and intentional, directly opposed to and calculated to harm the interests and welfare of this plaintiff under said agreement and particularly opposed to and working against the successful holding of said Baby Show and Exposition and through the said acts, omissions, neglect and refusal of this defendant, its officers, agents and employees, this defendant did harm and damage to this plaintiff and this plaintiff was defeated in making said Baby Show and Exposition a financial success," and caused it to be a financial failure.

A general allegation of due performance by plaintiff of conditions precedent to his right to recover on a contract without stating the facts constituting performance is expressly authorized (Code Civ. Proc. § 533); but not so as to a breach of contract by the defendant.

There is no allegation of *fact* with respect to any act or

omission on the part of the defendant constituting a breach of the contract. The specification of various agreements on the part of the defendant, followed by a general allegation of a breach thereof, presents a pleading precisely the same as if the plaintiff had set forth *in hæc verba* the contract and alleged performance on its part and a failure on the part of the defendant to perform its obligations thereunder. It is well settled that in an action to recover damages for the breach of a contract *the facts constituting the breach* must be pleaded, and that it is insufficient to plead generally that the defendant failed to fulfill his obligations under the contract, or that he has been guilty of a breach of the contract. (*Van Schaick* v. *Winne,* 16 Barb. 89; *Booz* v. *Cleveland School Furniture Co.,* 45 App. Div. 593; *Putnam* v. *Griffin,* 19 Wkly. Dig. 46; *Coffin* v. *Grand Rapids Hydraulic Co.,* 29 J. & S. 51; affd., 136 N. Y. 655; *Chauvrant* v. *Maillard,* 4 N. Y. Supp. 126; *Schenck* v. *Naylor,* 2 Duer, 675; *Armstrong* v. *Heide,* 47 Misc. Rep. 609; *Picker* v. *Weiss,* 39 id. 22.) Of course if the plaintiff had alleged that the defendant repudiated the contract *in toto* and refused to be bound thereby or to perform on its part, that would doubtless obviate the necessity of alleging the particular acts or omissions on the part of the defendant claimed to constitute violations of his agreement (See *Gray* v. *Green,* 9 Hun, 334); but such is not the case presented by the complaint, and if it be the case intended to be presented by plaintiff, it should have made that clear by the allegations of its complaint.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, but with leave to plaintiff to amend on payment of the costs and disbursements.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend on payment of costs.