### UNITED STATES v. GEORGE A. FULLER CO., Ino.

(District Court, D. Kansas, First Division. November 7, 1923.)

#### No. 2485.

**1. United States ⊚⟹70(1)—Cost plus contract with government does not create trust relation.**

A contract with the United States for the construction of an army camp in war time, to be paid for on a cost plus basis, does not create a fiduciary relation between the parties, which makes the contractor responsible as a trustee for safeguarding and protecting the interests of the government.

**2. United States ⊚⟹70(1)—Business contract subject to same rules of law that govern contracts between individuals.**

When the United States government, or any branch thereof, enters into a contract with an individual, natural or corporate, it does so in its private or business capacity, and not as a sovereign, and submits itself to the same rules of law that govern contracts between individuals.

**3. United States ⊚⟹70(1)—Requirement contractor use his best efforts to subserve the best interests of the government adds nothing to implied conditions of contract.**

A provision in a contract with the government requiring the contractor to use its best efforts to protect and subserve the best interests of the government states nothing more than the law would imply, and adds nothing to the obligation of the contractor.

**4. Pleading ⊚⟹8(15), 367(4)—General allegations of fraud are insufficient.**

In an action by the United States against a contractor to recover for alleged fraud in performance, general allegations of fraud and deception, which are largely conclusions of law, are insufficient, and the petition is subject to motion to make more definite and certain.

At Law. Action by the United States against the George A. Fuller Company, Inc. On demurrer to petition and motions to make more definite and certain and to strike out. Demurrer overruled, and motions sustained in part.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Al. F. Williams, U. S. Atty., of Topeka, Kan., and Roscoe C. Mc-Culloch, William T. Chantland, and Ralph E. Moody, Sp. Asst. Attys. Gen., for the United States.

Weymouth Kirkland and Robert N. Golding, both of Chicago, Ill., and John S. Dean, of Topeka, Kan., for defendant.

POLLOCK, District Judge. This action arises over the construction of what is commonly known as Camp Funston Cantonment, at Ft. Riley, this state. As brought, it is an action at law to recover a very large sum of money alleged to be the difference between what the construction of this cantonment actually cost the government and the fair and reasonable cost of the same. To this petition defendant has interposed a motion to make definite and certain, a motion to strike out from the pleading, and a demurrer thereto.

The demurrer was interposed on the theory, as the contract requires an inspection of the work done as it proceeded and interval payments of the cost of construction, together with a portion of the consideration paid defendant for its services agreed to be paid under the contract, on what is known as the cost plus plan for the doing of the work, and as it would be assumed the officials of the government charged with the performance of these duties had done their full duty, and the work after inspection made and acceptance thereof by the government, and full payment therefor, that a settlement in law had resulted which would conclude the government, unless and until the same was impeached in a court of equity for actual fraud, or such gross mistakes of the representatives of the government as would imply fraud. However, as the petition alleges, "from the 28th day of June, 1917, when the defendant entered upon the execution of said contract, until on or about the 1st day of November, 1917, when it ceased its operations under said contract without having completed the same," etc., I am of the opinion the present petition contains sufficient to escape demurrer.

[1] Coming now to a consideration of the motions interposed, which will be considered together, it may be said: The theory of the pleader in drafting the petition was that the plus cost contract entered into between the parties under which the camp was constructed created a confidential trust relation somewhat resembling that of guardian and ward. Therefore any departure from the strictest care in protecting the interests of the government in all things done under the contract was a breach of the same, because a breach of the confidence reposed in the defendant. A consideration of the contract itself and the rules of law applicable thereto, however, induces my mind to the conclusion any such contention of the government in this case is untenable. While it is true defendant knew the urgent necessity of the government for the completed use of the camp and the consequent haste in performance required, yet this very fact renders the measure of damages as pleaded and relied upon by the government, to wit, the difference in cost between the actual sum paid and the fair and reasonable cost of construction under ordinary circumstances, of very doubtful accuracy in this case, for, it must be presumed, I think, to construct a very large property, such as is involved in this controversy,

with great haste and dispatch, must be far more expensive than if the work could have been proceeded with more slowly, deliberately and carefully.

[2] It has been firmly held, when the sovereign or any branch thereof, national or state, enters into a contract with a private individual, natural or corporate, it does so in its private or business capacity, and not by virtue of its sovereign power, and in so doing submits itself to the same rules of law that under like circumstances govern and control the individual. Cooke v. United States, 91 U. S. 389, 23 L. Ed. 237; Hollerbach v. United States, 233 U. S. 165, 34 Sup. Ct. 553, 58 L. Ed. 898. In this latter case it is said by Mr. Justice Day, delivering the opinion for the court:

"A government contract should be interpreted as are contracts between individuals, with a view to ascertaining the intention of the parties and to give it effect accordingly, if that can be done consistently with the terms of the instrument."

See, also, United States v. North American Construction Co. (C. C.) 74 Fed. 145; Mann v. United States, 3 Ct. Cl. 404.

As the contract here involved was entered into in the exercise of the business powers of the government, and not in the exercise of its sovereign or governmental powers with an individual, it follows no special trust was imposed more in behalf of the government in the construction of this camp than on behalf of the contractor with the government. Their rights are to be determined by the same rules of the law. True, both are held to honesty and fair dealing. Wentworth v. United States, 5 Ct. Cl. 302. Therefore the theory of trust relation on which the government is proceeding in this case is erroneous, and must on the motions presented be stricken out and eliminated from its pleading by amendment.

[3] The clause in paragraph H, article VI, of the contract, which reads, "at all times to use its best efforts in all its acts hereunder to protect and subserve the interest of the contracting officer and the United States," merely states what the law would imply in its absence. It therefore adds nothing to the contention of the government.

[4] Coming, now, to a consideration of the grounds on which the government must rely for a recovery in this case, and measure its rights in this respect as that of an individual citizen, it is apparent the charges of fraud and deception alleged to have been practiced by defendant on the government to its hurt are very general in language, and in most instances, at least, merely legal conclusions, barren of any statement of ultimate, issuable facts. It is quite well settled by authority this manner of pleading is insufficient, manifestly unfair and unjust to defendant, for it is impossible to defend against such charges. Hunter v. Atkins, 2 Myl. & K. 113. In Lalone v. United States, 164 U. S. 255, 17 Sup. Ct. 74, 41 L. Ed. 425, Mr. Justice Peckham, delivering the opinion for the court, said:

"In all proceedings instituted to recover moneys, or to set aside and annul deeds or contracts or other written instruments on the ground of alleged fraud practiced by a defendant upon a plaintiff, the rule is of long standing and is of universal application, that the evidence tending to prove the fraud and upon which to found a verdict or decree must be clear and satisfactory.

It may be circumstantial, but it must be persuasive. A mere preponderance of evidence, which at the same time is vague or ambiguous, is not sufficient to warrant a finding of fraud, and will not sustain a judgment based on such finding. The rule obtains in cases of alleged fraudulent representations made to an officer of the government upon the faith of which the officer has issued a patent or done any other official act upon which the rights of the party making the misrepresentations may be founded. This principle is exemplified in United States v. Iron Silver Mining Co., 128 U. S. 673, and cases cited, and is not confined to cases of patents for lands."

See, also, Walker v. United States (C. C.) 139 Fed. 409; Id., 148 Fed. 1022, 79 C. C. A. 392 (5 C. C. A.); Central Trust Co. v. Treat (C. C.) 192 Fed. 942; United States v. Diamond Coal & Coke Co., 254 Fed. 266, 165 C. C. A. 554; England National Bank v. U. S. (C. C. A.) 282 Fed. 121; U S. v. Newport News Shipbuilding & Dry Dock Co., 178 Fed. 194, 101 C. C. A. 514; Blazo v. Gill, 143 N. Y. 232, 38 N. E. 101; H. L. Brown & Son v. Funck's Estate, 89 Kan. 601, 132 Pac. 202; Heinemann v. Heard, 62 N. Y. 448; Leavenworth, Lawrence & Galveston R. Co. v. Commissioners of Douglas County, 18 Kan. 169; Schmidt v. Pfau, 114 Ill. 494, 2 N. E. 522; Sugg v. Blow, 17 Mo. 359; Picker v. Weiss, 39 Misc. Rep. 22, 78 N. Y. Supp. 761; Boettler v. Tendick, 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270.

It follows, paragraph 12 of the petition, in which the fraud relied upon is attempted to be pleaded, in the light of authority and the very reason of things, is insufficient. As it will devolve upon the government to establish by competent evidence on the trial what particular acts done, words spoken, etc., constituted the fraud upon which the government must rely to make out its case, it follows, it must in its pleading, under which such evidence will be offered, descend to particulars and state clearly the exact and particular acts done, concealments made, words spoken, etc., which deceived and defrauded the government to its hurt. In this regard the motion to make definite and certain is also sustained.

Further, if it is by the government contended defendant did not perform and complete its contract, and in this regard the government was damaged, the facts regarding same in issuable form should be pleaded. The motion to make definite and certain in this respect is also sustained. In other respects, the motions and the demurrer are denied.

If so advised by counsel, the government may amend its petition to conform to this ruling within 30 days from this date; and it is so ordered.